## WEST v BIXLER

Ohio Appeals, 9th Dist, Summit Co

No. 1932. Decided Jan 6, 1932

Finkle & McChesney, Akron, for plaintiff in error.

C. Audley Grey for defendant in error.

**FUNK, J.**

The principal question argued in this court is whether the defendant can be discharged in bankruptcy from the payment of plaintiff's judgment under the particular wording of the journal entry finding "that plaintiff was injured, as alleged in the petition, through and as a proximate result of the wrongful and intentional acts of the defendant" and "further finds that the plaintiff has been damaged by the negligence of the defendant and by the wrongful and intentional acts of the defendant in the sum of * * * ." In other words, can the court look back of such journal entry to the liability on which the judgment is founded to determine its character and whether or not it is such a liability as is dischargeable under Section 17 of Chapter III of the U. S. bankruptcy act, which provides that "a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as are * * * liabilities for * * * willful and malicious injuries to the person or property of another."

We first call attention to the fact that no bill of exceptions has been prepared or filed in the instant case. There is an agreed statement of facts, but not in the form of a bill of exceptions. It clearly appears from the files and the transcript of the docket and journal entries that the court had jurisdiction of the parties and the subject-matter. In the absence of a bill of exceptions, it must be assumed that the court had competent evidence before it to warrant the sustaining of defendant's motion.

However, it is contended that it is apparent from the face of the judgment that it is not dischargeable under said §17 of the bankruptcy act, because the journal entry itself recites that it was "the wrongful and intentional acts of the defendant" that caused the injury, and that a bill of exceptions is therefore not necessary. Without specifically deciding this question, we

will consider the case on the judgment in the light of the petition and the motion of defendant to dismiss the procedings in aid of execution and as if all the above stated facts were before us in a proper bill of exceptions.

The great weight of authority is now to the effect that a judgment for injury to person or property resulting from the negligent operation of an automobile, is a provable debt which is dischargeable in bankruptcy.

193 U. S. 473, at pp. 488, 489, Tinker v. Colwell.

144 Fed. 320, In re Lorde.

253 Fed. 663, In re Cunningham.

269 Fed. 845, In re Wilson.

290 Fed. 257, In re Roberts.

298 Fed. 135, In re Phillips.

Black on Bankruptcy (4th ed.) Secs. 1225 and 1226.

Gilbert's Collier on Bankruptcy (2nd ed.) pp. 423 to 426.

However, it must be observed that the courts have made a distinction, where a discharge in bankruptcy under said Sec. 17 is involved, between malice as a fiction of law and malice arising from bad faith or conscious wrongdoing, and that all liabilities for injuries to another resulting from an automobile collision may not be dischargeable.

The authorities are to the effect that if it can be shown by proper evidence that the wrongful act was inflicted with an evil intent, design or purpose, and that the bankrupt thus drove his automobile with the willful and malicious intention of injuring the judgment creditor without just cause or excuse, the liability would not be dischargeable.

Thus, the right of a bankrupt to be discharged from a particular judgment for injuries depends upon whether or not the wrongful act was done willfully and maliciously; that is, whether it was done with an active malicious intention to injure such person without just cause or excuse, or whether it occurred by reason of malice arising as a legal fiction from pure negligence.

143 N. Y. Supp. 1005, In re Halper.

209 N. W. 89 (Mich.), Nunn v. Drieborg.

The weight of authority is to the effect that it is the duty of the court to look beyond the form of the judgment and ascertain the nature of the cause of action upon which it rests, and that before a court will adjudicate that a discharge is not a bar to such judgment, it is necessary that it be founded upon a pleading that clearly shows a cause of action for willful and malicious injury—that is, a cause of action on a liability not releasable under said Sec. 17 of the bankruptcy act.

108 Fed. 785, Turner v. Turner.

3 Fed. (2nd) 814, Swift & Co. v. Bullard & Son.

And the burden is upon the judgment creditor to show that it is within the excepted class.

224 Fed. 241, In re Levitan.

As "The character of the 'liability,' as that word is used in the Bankruptcy Act * * * is not changed by the fact that the liability has been reduced to judgment" (Peters v. U. S., ex rel. Kelley, 177 Fed. 885), and as the journal entry creating the judgment does not usually show the character of the liabilty, it necesasrily follows that the court must look back of such entry to ascertain whether the liability upon which it is founded is such as will prevent its release under the bankruptcy act; and this is true even though the judgment recites facts that indicate the liability is not dischargeable.

This position is sustained by the Supreme Court of Ohio in **Howland v. Carson, 28 Oh St. 625,** where the court held, under bankruptcy act of 1867, that——

"3. Where it is claimed that such discharge does not bar the collection of a judgment on the ground that it is a debt created by fraud, within the meaning of section 33 (U. S. Rev. Stat., sec. 5117) of the bankrupt act, the court will look back of the judgment, to the root and origin of the cause of action on which it is founded, in order to determine whether the discharge is a bar to the collection of such judgment."

This case has not been reversed or modified.

In all the cases we have examined, the pleadings at least were before the court to enable it to determine the character of the claim or issue upon which the judgment was founded, and in some cases the court went further and looked to the transcript of the evidence upon which the judgment was rendered or took evidence as to the kind of wrongful act it was that caused the injury to determine whether it was mere negligence or wilful and malicious conduct.

In the case of Peters v. U. S., ex rel., supra, which seems to be the leading case holding that a bankruptcy court is bound by the judgment of a state court, the court looked to the declaration (petition in Ohio)

to ascertain the character of the liability and whether the issues upon which the case was tried and the verdict and judgment rendered were such as would make a cause of action upon a liability not barred by a discharge in bankruptcy, and only refused to go into the evidence.

If an illustration were needed to show why a court should go back of the judgment to determine whether or not the judgment is a liability within the excepted class, none could be more apt than the instant case, as it will be observed that the petition charged the defendant only with "negligence" and not with "intentional wrongful acts," and that the journal entry thus found facts that were not pleaded and not in issue.

Moreover, it seems to us that a finding in a judgment entered in the absence of the defendant upon an issue not made in the petition, is not binding upon a court called upon to determine whether the debt evidenced by the judgment is a dischargeable debt under said §17 of the bankruptcy act.

We are therefore clearly of the opinion, both upon reason and authority, that, where a bankrupt seeks to be discharged from a judgment debt for wrongful injuries, the better rule is that the court should look back of the judgment to determine whether or not the cause of action upon which the judgment rests comes within the excepted class of said §17 of Chapter III of the bankruptcy act, and that the court was right in so doing and in sustaining said motion of defendant to dismiss the proceedings in aid of execution.

However, in any event, under the peculiar circumstances shown in this case, the court had a right, upon said motion, to ascertain whether the liability was incurred willfully and maliciously, and having determined that it was not, and there being no bill of exceptions, we are bound by such finding.

Judgment affirmed.

PARDEE, PJ; and WASHBURN, J, concur.