## BANNON v KNAUSS et

Ohio Appeals, 4th Dist, Scioto Co

Decided June 17, 1937

Bannon & Bannon, Portsmouth, and Blair & Blair, Portsmouth, for Louis D. Bannon, trustee.

Nichols, Morrill, Wood, Marx & Ginther, Cincinnati, and Milton H. Schmitt, Cincinnati, for John B. Knauss, Sr.

Howard P. York, Portsmouth, and Arthur D. Lynn, Portsmouth, for administrators of Frances Beeching Knauss.

### OPINION

By BLOSSER, J.

John B. Knauss, Sr., was vice president and treasurer of the Portsmouth Stove & Range Company, a corporation organized and doing business in the state of Ohio. The company went into bankruptcy and

Louis D. Bannon was appointed trustee of the bankrupt. He filed a suit against Knauss and obtained a default judgment against him in the sum of $7,609.37 and interest. Knauss then filed a petition in bankruptcy and listed this judgment in his schedule of debts and it was allowed as a claim against his estate. Knauss was later discharged as a bankrupt. His mother, Mrs. Frances Beeching Knauss, died and under her will he was entitled to a sum of money more than sufficient to satisfy the judgment in favor of Bannon as trustee. This action was instituted by the trustee to subject the money due Knauss from his mother's estate to the payment of the judgment. Knauss resisted collection on the ground that the judgment had been discharged by his proceedings in bankruptcy. The cause was submitted to the trial court, which permitted a wide range in the introduction of evidence. In addition to the record of the action in which the judgment in question was obtained, much documentary evidence and oral testimony was offered and admitted tending to show the nature of the cause of action on which such judgment was based. A judgment was entered in the trial court in favor of the trustee for part of the amount of the judgment sought to be enforced and it was ordered that the administrators of the estate of Mrs. Knauss pay that amount to the trustee, the trial court denying the recovery of the full amount of the judgment in question. Both parties filed notice of appeal to this court.

The United States Bankruptcy Act (Title 11, §35, U. S. Code) provides:

"A discharge in bankruptcy shall release a bankrupt of all his provable debts except such as * * * (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity * * *."

The first question presented for consideration is that of the extent of the inquiry which may be permitted to determine the nature of the cause of action on which the judgment was obtained which, it is claimed, was discharged in bankruptcy.

In the case of **West v Bixler, 11 Abs 203,** the record of the case in which the judgment was obtained did not disclose whether the negligence complained of was wilful, and the court held that under such circumstances oral testimony could be admitted to show that fact.

The opinion in the case of **Howland v Carson, 28 Oh St 625,** is not in our judgment authority for the proposition that evidence outside the record of the case in which the judgment sought to be enforced or avoided was obtained can be introduced to show the nature of the cause of action on which such judgment is based where the record of the case discloses that fact. It is said in the syllabus that "the court will look back of the judgment * * * in order to determine whether the discharge is a bar to the collection of such judgment," but it is not stated just how far back the court will look. The question in the Howland case arose upon a demurrer to the answer. The answer set forth that the judgment sought to be avoided by the bankruptcy proceeding had been obtained in an action for seduction, a fact that the record of the judgment might not disclose but a fact that the record of the case would plainly disclose. We are therefore of the opinion that this case is authority only for the proposition that under the facts disclosed by the answer the court would look back of the record of the judgment to the record of the case to determine the nature of the cause of action on which the judgment was based.

It is said in Collier on Bankruptcy (2 Ed.) 415:

"When it is necessary to consider whether a judgment is released by the discharge, the fact must be determined by the record, and not by any allegation or proof outside of it."

The same rule is laid down in **Morrow v Pfleiger, 4 Oh Ap 283.**

The rule as set forth in 7 Remington on Bankruptcy, 783, is:

"It has been held that a judgment may be res judicata as to whether or not the liability was one for 'wilful or malicious injury to person or property,' and that the state court's ruling on the nature of the liability, as established by the judgment, will be adopted.

"From the trend of the decisions it would seem that the original nature of the liability is only a subject of outside proof where the record of the judgment is ambiguous or silent, or where such nature of liability is not necessarily involved in the issues."

It is our conclusion from the authorities cited and many other authorities which we have examined that the rule is that in an action involving the question of wheth-

220

er or not a judgment falls within the operation of a discharge in bankruptcy the record of the judgment is conclusive where such record discloses the nature of the cause of action on which the judgment was based, but that where the record of the judgment does not disclose the nature of the cause of action upon which the judgment was based, recourse may be had to the record of the case in which the judgment was rendered, for the purpose of determining that fact. It is only where the record of the case in which the judgment was obtained is ambiguous or does not disclose the nature of the cause of action on which the judgment was founded that evidence outside the record may be introduced.

The petition on which the judgment was obtained by Bannon, as trustee, against Knauss clearly discloses that Knauss was vice president and treasurer of the company, that as such treasurer he was in charge of the money and credits of the company, that he overdrew his account with the company in the total sum of $7,609.37, and that he refused upon demand to make restitution of that amount to the company.

Misappropriation is defined in 40 Corpus Juris, 1213, as: "The act of misappropriating or turning to a wrong purpose; wrong appropriation; a term which does not necessarily mean peculation although it may mean that."

As used in the bankruptcy law misappropriation is not restricted to criminal conduct. Field v Howry, 132 Mich, 687, 94 N W 213.

It is said in Haggerty v Badkin, 72 N. J. Eq., 473, 66 A., 420, in which the party against whom the judgment was obtained was acting as trustee for his deceased partner:

"It is hardly necessary to advance arguments to show that, the trust relation being established, the use of the fund for his individual benefit was a misappropriation within the meaning of that word in the act."

Knauss permitted the judgment to be taken by Bannon, as trustee, by default, thereby admitting the allegations of the petition to be true. The petition on which the judgment sought to be enforced in this case was obtained clearly shows that the root and origin of the judgment was

the turning of the funds of the company to a wrongful purpose by Knauss, and his acts as set forth in that petition constituted a misappropriation as that word is used in the Bankruptcy Act. How else can the action of the treasurer of a company who overdrew his account more than $7,000 for his personal benefit and upon demand refused to make restitution to the company and permitted a judgment to be taken against him by default be construed other than a misappropriation of the funds of the company? Under the facts disclosed by the record of the case in which the judgment sought to be enforced in the instant case was obtained no evidence outside that record was proper or necessary to show the nature of the cause of action upon which such judgment was based, and the evidence of this character permitted to be introduced was improperly received by the trial court.

It follows that the trial court erred in granting the prayer of the petition in the instant case for an amount less than the judgment sought to be enforced. The judgment of the trial court in this particular will be reversed and this court, proceeding to render the judgment that the trial court should have rendered, will enter a final judgment in favor of the plaintiff in the amount and as prayed for in the petition.

Judgment reversed.

McCURDY, PJ, and GILLEN, J, concur.