**CARROLL, Plaintiff, v. JONES, Defendant.**

Common Pleas Court, Trumbull County.

No. 63221. Decided February 3, 1956.

Griffith, Griffith & Moore, for plaintiff.
Joseph A. Luarde, for defendant.

## OPINION

By BIRRELL, J.

This matter comes before the Court on a Motion by the Defendant (who originally filed no answer in this case and permitted default judgment to be taken) to dismiss an Aid of Execution proceedings on the ground that the judgment secured by Plaintiff had been discharged in Defendant's bankruptcy proceedings. Plaintiff opposes the Motion on the ground that the automobile accident wherein Plaintiff's injuries and damage occurred was alleged in the Petition to have been the result of "willful and malicious misconduct of the Defendant," and therefore, discharge of this particular debt was not effective because Section 17 of the Bankruptcy Act, 11 U. S. C. A. paragraph 35 provides "a discharge in bankruptcy shall release a bankrupt from all his proveable debts except such as * * * are liabilities * * * for wilful and malicious injuries to the person or property of another * * *"

Defendant's brief refers to four cases from outside the State of Ohio which appear to be directly in point in this respect:

Fitzgerald v. Herzer (Cal), 177 Pac. 2d, 364; Tharp v. Breitowich (Ill), 55 N. E. 2d, 392; Reell v. Electric & Gas Co., 45 N. E. 2d, 500; In re Greene, 87 F. 2d, 951: 109 A. L. R. 1188.

The facts in the first three of these cases are directly in point in

that the Court decides that bankruptcy has not discharged a default judgment secured by reason of an automobile accident wherein the petition contained allegations to the effect that the injury was caused by "willful and malicious" actions of the Defendant.

In the Fitzgerald case with reference to the default judgment the Court states (p. 366).

"By permitting his default to be entered he (the Defendant) confessed the truth of all the material allegations in the complaint * * * including the allegations of wantoness, recklessness and gross carelesness. * * * A judgment by default is as conclusive as to the issues tendered by the complaint as if it had been rendered after answer filed and trial had on allegations denied by the Answer. * * * Such a judgment is res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint." * * *

The omitted portions of the foregoing quotation contain references to California cases on these matters.

The Tharp case and the Reell case from the State of Illinois are practically similar and support their decisions by reference to the Fitzgerald case, supra, to other Illinois cases, and to the Greene case above cited.

The Greene case is a Federal case from the northern district of Illinois, wherein an answer had been filed and trial was had to a Jury, which, in addition to determining a verdict in favor of the Plaintiff, answered an Interrogatory, to-wit:

"Was the Defendant, James E. Greene, guilty of willful and wanton conduct, as charged in the third count of Plaintiff's declaration?"

To which Interrogatory the Jury answered: "Yes." It will be noticed that in this case there was a Jury trial, and a definite determination by the Jury that the accident was caused by willful and wanton conduct on the part of the Defendant.

At 109 A. L. R. page 1192, following the report of the Greene case, is an Annotation on this question which is supplementary to a previous Annotation on the same subject at 57 A. L. R. 153, and is followed later by another Annotation at 145 A. L. R. 1238. The trend of the decisions therein is that a Court is not concluded by the allegations of the complaint, and resort may be had to the entire record to determine whether the action is one for willful and malicious injuries to the person or property of another. There are also cases like Fleshman v. Trolinger (Tenn.), 74 S. W. 2d, 1069, which hold that averments that the Defendant is guilty of gross, willful, wanton, maliciousness, carelessness, or recklessness in driving at an unlawful and illegal rate of speed are merely statements of the pleader's conclusion.

The basis of this prevailing trend rests on an early decision of the United States Supreme Court in the case of Tinker v. Colwell, 193 U. S. 473, which arose over the question of whether the judgment against a Defendant in that case constituted a willful and malicious injury such as to prevent discharge in bankruptcy. In the course of the opinion Justice Peckham, at page 489, states:

"It is not necessary in the construction we give to the language of the exception in the Statute to hold that every willful act which is wrong implies malice. One who negligently drives through a crowded thoroughfare and negligently runs over an individual would, as we suppose, be within the exception. True, he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual. If he intentionally did drive over him it would certainly be malicious."

Defendant cites two articles appearing in the Journal of the National Association of Referees in Bankruptcy on the subject of "Discharge of Judgments arising out of Automobile Accident Suits." One appears in the Journal for April, 1953. Naturally the Bankruptcy Courts themselves are interested in the present status of the law and both articles are comprehensive reviews of this subject.

The April 1953 Article cites numerous authorities supporting the following statement:

"It is universally held that liability for simple negligence in the operation of a motor vehicle which results in an injury to another is not excepted from a discharge in bankruptcy as a 'willful and malicious' injury. Moreover, it is also well settled that liability arising out of clearly intentional injury is not discharged."

The 1955 Article criticises the recent case of In re Carncross, 114 F. Supp. 119 (W. D. N. W. 1953), which hold that an "intentional" injury is not necessarily a "malicious" one. This article opens with the statement:

"Under the changing philosophy of American bankruptcy legislation over a period of a century and a half, the bankrupt has been elevated from the status of a presumptive fraudulent defaulter, largely at the mercy of his creditors, to the position of an honorable unfortunate entitled to an economic rebirth."

This Court makes reference to the above cases and Annotations and the prevailing rule outside of Ohio in assessing the weight of the California and Illinois cases cited by Plaintiff. Naturally Ohio Courts are governed by Ohio law and precedents.

The early case of **Howland v. Carson, 28 Oh St 625,** determines at **3 Syl:**

"Where it is claimed that such discharge (in bankduptcy) does not bar the collection of a judgment on the ground that it is a debt created by fraud, within the meaning * * * of the bankruptcy act, the Court will look back of the judgment to the root and origin of the cause of action on which it is founded, in order to determine whether the discharge is a bar to the collection of such judgment."

This case is the basis for the decisions of the Ohio cases wherein such claim has been made.

In defining the extent to which the Court "will look back of the judgment," a very definite rule has been established to the effect that the Court may consider only the record of the case in which the judgment was obtained including the evidence therein offered, but may not receive evidence outside of this record. Our own Court of Appeals (7th District) has applied this rule in the cases of **Goodrich v. Eck, 25**

Abs 548, later approved in **Ohio Finance Company v. Greathouse, 64 Abs 1.** The rule has likewise been approved in the cases of: **United Mercantile Agency v. Williams, 87 Oh Ap 273; 58 Abs 289; 42 O. O. 482; Pass v. Webster, 85 Oh Ap 403; Bannon v. Knauss, 57 Oh Ap 288; 26 Abs 218,** and **West v. Bixler, 11 Abs 203.** No Ohio cases have been found contra.

That the record includes the evidence, where necessary to examine the evidence received in the original case, is held in the Goodrich case wherein the first paragraph of the Syllabus states:

"The lower Court in a proceeding in aid of execution has no right to go further into the original case than to examine the pleadings, files and records of the evidence therein."

The 2nd Syllabus of the Bannon case states that evidence is admissible

"only where record of the case in which the judgment was obtained is ambiguous and does not disclose the nature of the cause of action on which the judgment was founded."

The Bixler case is similar and is discussed later.

The Petition in our present case includes a paragraph alleging that

"The cause of the injuries * * * was the willful and malicious misconduct of the Defendant."

Plaintiff claims that this allegation is sufficient to show the nature of this judgment, and determine that it could not have been discharged in the bankruptcy proceedings. The Defendant however produces the evidence which was offered at the date of the procuring of the judgment for the purpose of showing that there was no willful or malicious conduct on Defendant's part. The only evidence presented at that date of the manner in which the accident occurred is as follows:

"Q. Tell the Court what happened?

"A. Well I was just coming home from work, a friend of mine and I were going to stop at the Belvedere Club, going toward Youngstown on Rt. 422, and I got in the middle lane to turn in to the club and somebody hit me from the back and caused me, pushed me over to the left side going toward Youngstown almost on the greens.

"Q. There was a car in front of you turning?

"A. A ton pick-up is what it was.

"Q. Did you hit that truck?

"A. I did, that's why the front of my car on the left side was damaged too."

There is nothing in this evidence which can be construed as showing a willful and malicious action on the part of the Defendant, nor is this evidence sufficient to prove the allegation of willful and malicious misconduct as stated in the Petition.

We are confronted now with the question of how may we determine the manner in which this collision occurred. Plaintiff claims that the failure of the Defendant to appear, answer or testify when the original judgment was taken must be construed as an admission of all the allegations in the Petition. Sec. 2309.27 R. C., states that

"every material allegation of a petition not controverted by the answer * * * shall be taken as true."

The term "material allegation" is defined by §2309.28 R. C., as follows:

"A material allegation in a pleading is one which cannot be stricken out without leaving it insufficient."

Can the averment of "willful and malicious" action be stricken out in this case without leaving the petition insufficient?

The allegation of "willful and malicious misconduct" is not a **material** allegation in this case for two reasons. In the first place the allegation.

"Plaintiff further says the direct and proximate cause of the injuries and damages herein referred to was the willful and malicious misconduct of the Defendant."

is merely a statement of a conclusion of law. No description of actions which should constitute willful and malicious misconduct is set forth. The only allegation in the petition of the manner in which the accident occurred is the following:

"The Plaintiff was operating her automobile in the center lane of U. S. Route 422 in a southeasterly direction thereon when suddenly without warning an automobile driven by the Defendant collided with the rear end of the Plaintiff's automobile causing the injuries and damage hereinafter referred to."

This does not describe any "willful and malicious misconduct," and the allegation of the pleader's conclusion would have been stricken from this petition had Defendant appeared and made such a Motion. Such striking would not have rendered the petition insufficient. **Uccello v. Interstate Truck Service, 57 O. O. 334; 70 Abs 211.**

The second reason is that the petition also contains an allegation as follows:

"The direct and proximate cause of the collision and damages was the negligence of the Defendant in the following respects, to-wit * * *"

In one paragraph Plaintiff pleads negligence of the defendant, and in another paragraph she pleads willful and malicious misconduct. Negligence and willful misconduct are the direct opposite of each other. One who performs a negligent act is not performing a willful act. One who performs a willful act is not negligent. **Tige v. Diamond, 149 Oh St 520.** It is impossible to determine on which the Court relied in rendering judgment for the Plaintiff. In fact either or both of these allegations could have been stricken entirely from the petition without rendering it insufficient. The mere allegation that Defendant's automobile "collided with the rear end of Plaintiff's automobile" is sufficient to uphold the judgment on the part of the Defendant. Consequently as was said in the Bannon case above referred to "the record of the case in which the judgment was obtained is ambiguous," and it becomes necessary to investigate the evidence on which such judgment was obtained.

More than this, the case of West v. Bixler, supra, decided by the 9th District Court of Appeals, is very closely in point. It even determines that where "the Journal Entry itself recites that it was 'the wrongful and intentional acts of the defendant' that caused he injury" the Court has the right to investigate the evidence offered at the time of the Defendant's judgment to determine whether the action was actually based on wrongful acts or whether it resulted merely "from the negligent operation of an automobile."

Following the expressed rulings of these Ohio Courts, and according to the general rule in the United States, this Court finds that the Defendant is entitled to show by the evidence taken at the default judgment, that such judgment was not granted by reason of any willful or malicious act. The debt was, therefore, discharged by the Bankruptcy Proceedings. As a consequence the Aid of Execution must be dismissed at the Plaintiff's costs.