### EBERSPACHER *v.* BOEHM.

*(Supreme Court, General Term, First Department.* October 24, 1890.)

BANKRUPTCY—DISCHARGE—EFFECT ON JUDGMENT.

The provision of Code Civil Proc. N. Y. § 1268, that after the lapse of two years since the discharge of a debtor in bankruptcy, he may apply to the court in which a judgment was rendered against him, for an order directing the judgment to be canceled, and that, "if it appears that he has been discharged from the payment of that judgment, an order must be made accordingly," is mandatory; and delay of the debtor in applying for his discharge is not ground for refusing to cancel such a judgment.

Appeal from special term, New York county.

Motion by Leopold Boehm, defendant, that a judgment in the action, in favor of Christian Eberspacher, plaintiff, be canceled and discharged of record, on the ground that defendant had been discharged therefrom in bankruptcy. Code Civil Proc. N. Y. § 1268, provides as follows: "At any time after two years have elapsed since a bankrupt was discharged from his debts, pursuant to the acts of congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him for an order directing the judgment to be canceled and discharged of record. If it appears that he has been discharged from the payment of that judgment, an order must be made accordingly," etc. From an order directing the judgment to be canceled and discharged of record, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*B. C. Chetwood,* for appellant.　*Jacob L. Hawes,* for respondent.

DANIELS, J.　The judgment which has been ordered to be discharged was recovered on the 15th of August, 1881. In January, 1873, proceedings in bankruptcy were commenced against the defendant in the United States district court for the southern district of New York, and in which he was adjudged a bankrupt in February of that year. The defendant immediately thereafter absconded from the United States, and remained in Europe about eight years. Upon his return the summons and complaint in this action were served upon him, and the judgment afterwards recovered against him by default. He afterwards applied for his discharge as a bankrupt in the proceedings commenced against him in 1873, and that discharge was granted on the 30th of December, 1887, and early in 1890 notice of motion was given, upon proof of this discharge, for the cancellation and discharge of the judgment of record, and in March, 1890, the order to that effect was entered. The application was resisted, and the appeal has been brought because of the long delay which followed the adjudication of the defendant as a bankrupt before he applied for his discharge, and that might be found to be a successful objection if the law remained as it was held to be in *McDonald* v. *Davis,* 12 Hun, 95. But it has not continued in that condition. Chapter 52 of the Laws of 1875 simply empowered the court to discharge the judgment after the expiration of two years from the time of granting the discharge, without making it mandatory that it should be done. But by section 1268 of the Code of Civil Procedure, which took effect on the 1st of September, 1877, the authority was made mandatory that the court must make the order, when the application shall be made, after two years have elapsed since the bankrupt was discharged from his debts. These two years had expired before notice of the motion which resulted in the order was served, and that service followed the two years so closely as to exempt the defendant from the accusation of laches in bringing the motion to a hearing. His delay in applying for his discharge in the bankruptcy proceeding was a subject for the sole consideration of the United States district court, and as long as it did not prevent the discharge from being granted, it could not, under this statute, prevent it from being used to obtain a cancellation of this judgment. For that object the court was required to go no further than to ascertain that a discharge had in fact been made, and that two years had after that expired before the motion was noticed for the cancellation of the judgment. Both facts existed in support of the application, and when they were made to appear it became the duty of the court to cancel and discharge the judgment, as it did by this order. The order should therefore be affirmed, with $10 costs and the disbursements. All concur.