## HUSSEY et al. v. JUDSON.

(Supreme Court, Appellate Term. March 24, 1904.)

1. BANKRUPTCY—DISCHARGE—JUDGMENT—CANCELLATION.

    Code Civ. Proc. § 1268, declares that at any time after one year after a bankrupt's discharge he may apply to the court in which a judgment was rendered against him for an order directing the judgment to be canceled and discharged of record. Held, that where defendant in an action on a contract, after issue joined, was discharged in bankruptcy, and obtained leave to set up the discharge by answer on certain conditions, but he declined to avail himself of the privilege, he was entitled, as a matter of right, after recovery of judgment against him, and the expiration of one year after his discharge, to an order canceling the record of the judgment against him.

Appeal from City Court of New York, Special Term.

Appeal by Edward Judson from an order denying his motion for the cancellation of a judgment against him in favor of William H. Hussey and others, the motion being on the ground of defendant's discharge in bankruptcy. Reversed.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 82.

Argued before FREEDMAN, P. J., and SCOTT and BLANCH-ARD, JJ.

Blandy, Mooney & Shipman (Charles T. B. Rowe and Frederick A. Card, of counsel), for appellant.

Appell & Taylor (George H. Taylor, Jr., and Albert J. Appell, of counsel), for respondents.

FREEDMAN, P. J. This appeal presents the question whether a defendant in an action on contract, who, after issue joined, was duly discharged in bankruptcy under the act of Congress, and then applied for leave to set up such discharge by answer and obtained such leave on certain conditions, but declined to avail himself of the privilege granted, is, after recovery of judgment against him and the expiration of one year after his discharge, entitled as matter of right to an order canceling the record of the judgment against him. In Sands v. Perry, 38 Hun, 268, decided in 1885, it was held that a motion to vacate a judgment recovered against a defendant after his discharge in bankruptcy should be denied, but without prejudice to a motion to have the judgment opened, and to be allowed to plead the discharge. That decision was in accordance with the Code of Civil Procedure as it then stood and the prior decisions upon the point. Up to that time the bankrupt had to move either to have the judgment opened for the purpose of making the plea of discharge or for a perpetual stay of execution on the judgment. Section 1268 of the Code, as it then stood, being a re-enactment of chapter 52, p. 48, of the Laws of 1875, provided that at any time after the expiration of two years after discharge the bankrupt may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, for an order directing the judgment to be canceled of record, and that, "if it appears that he has been discharged from the payment of that judgment, an order must be made accordingly." In 1899 the said section was amended so as to enable a bankrupt to make the motion at any time after the expiration of one year after the discharge, and to read: "If it appears upon the hearing that he has been discharged from the payment of that judgment, or the debt upon which such judgment was recovered, an order must be made directing said judgment to be canceled and discharged of record." The section, as thus amended, being mandatory, and liable to no constitutional objection, and it having been clearly and seasonably shown that the debt upon which the judgment was recovered was fully covered by the discharge, defendant's motion was erroneously denied.

The order appealed from should be reversed, with costs and disbursements, and the defendant's motion for the cancellation of the judgment granted, without costs. All concur.