(82 Misc. Rep. 205.)

### In re HALPER.

(City Court of New York, Special Term. September, 1913.)

1. BANKRUPTCY (§ 424*)—DISCHARGE—"WILLFUL AND MALICIOUS INJURY."

As used in Bankr. Act July 1, 1898, c. 541, § 17(2), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), excepting liabilities for "willful and malicious injury" from a discharge in bankruptcy, the phrase quoted does not necessarily involve hatred or ill will as a state of mind but arises from a wrongful act done intentionally and without cause or excuse.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 818; Dec. Dig. § 424.*]

2. BANKRUPTCY (§ 424*)—DISCHARGEABLE DEBTS—JUDGMENT FOR PERSONAL INJURIES—CANCELLATION OF JUDGMENT.

A judgment in an action for personal injuries resulting from plaintiff's washing her hands in pure carbolic acid sold her as a 2 per cent. solution by defendant's agent was not a debt dischargeable in bankruptcy under Bankr. Act July 1, 1898, c. 541, § 17(2), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), and hence a motion under Debtor and Creditor Law (Laws 1909, c. 17; Consol. Laws 1909, c. 12), § 150, to cancel same will be denied, though defendant listed such judgment in his schedules in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 818; Dec. Dig. § 424.*]

3. WORDS AND PHRASES—"MALICE."

Malice in its common acceptation means ill will against a person, but in its legal sense it means a wrongful act done intentionally without just cause or excuse (citing Words and Phrases, vol. 5, pp. 4298–4312; vol. 8, pp. 7712–7713).

Application of John M. Halper, a bankrupt, to cancel and discharge a certain judgment of Betty Abrahams. Denied.

Harold R. Zeamans, of New York City, for petitioner Halper.
Weissberger & Leichter, of New York City, for Abrahams.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FINELITE, J. This is an application by the petitioner to cancel and discharge a certain judgment obtained against him on a cause of action for a personal injury to the plaintiff. From the facts herein it appears that, before said petitioner was discharged from his debts, he was engaged in the business of maintaining and conducting a drug store and pharmacy in the city of New York; that about the 24th of August, 1904, plaintiff called at the petitioner's drug store and pharmacy and asked for a solution of carbolic acid diluted 2 per cent. for the purpose of washing her hand; that the defendant through his agent and servant carelessly and negligently gave to plaintiff pure carbolic acid in place and stead of carbolic acid diluted 2 per cent., as called for by the plaintiff, and informed said plaintiff that said drug as put up by him was the same as asked for by her, to wit, carbolic acid diluted 2 per cent.; and that plaintiff, believing that said drug as put up by defendant was carbolic acid diluted 2 per cent., used the same for the purpose of washing her hand and as a result thereof severely burned her hand and fingers, causing the flesh on the first finger of the right hand to become decomposed. The plaintiff in her complaint in said action recited the above facts, and further stated that said injury was caused through the negligence and carelessness of the defendant and without blame or cause on the part of the plaintiff. The action came on for trial, which resulted in a judgment in favor of the plaintiff for the sum of $1,082.58, inclusive of costs. Subsequently the said defendant went into bankruptcy, wherein he scheduled the judgment in favor of the plaintiff herein in his petition, and thereafter was discharged in bankruptcy from all debts and claims which are made provable by the acts relating to bankruptcy and which existed against him at the time of the filing of his petition. Annexed to the moving papers for the cancellation of this judgment is a schedule of said bankruptcy proceeding showing the amounts of judgments and in whose favor they were obtained, including the judgment of the plaintiff herein, also a certified copy of the order of the District Court of the United States, Southern District of New York, discharging said defendant. The defendant makes this application under the Debtor and Creditor Law (Laws of 1909, c. 17; Consol. Laws 1909, c. 12), section 150 thereof reading as follows:

"Discharge of Bankrupt from Judgment. At any time after one year has elapsed since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply * * * to the court in which a judgment was rendered against him * * * for an order, directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which said judgment was recovered, an order must be made directing said judgment to be canceled and discharged of record; and thereupon the clerk of said court shall cancel and discharge the same by marking on the docket thereof that the same is canceled and discharged by order of the court."

This is a re-enactment of former section 1268 of the Code of Civil Procedure. Section 17 of the Bankruptcy Act reads in part as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1)  *  *  *  ; (2) are liabilities  *  *  *  for willful and malicious injuries to the person or property of another."

[1, 2] From an examination of the authorities both in the state and federal courts, it appears that the decisions are somewhat conflicting as to whether or not the discharge of a bankrupt releases certain particular debts contained in the schedule.  In some of the decisions it has been held that irrespective of the discharge of a certain debt scheduled, when the bankrupt applies to the state court wherein a judgment was originally obtained, it is for the state court to decide whether the judgment is one that can be canceled by reason of the discharge.  I now come to the all-important question involved on this motion:  If the judgment in this proceeding be one which was recovered in an action for willful and malicious injury to the person, it was not released by the bankrupt's discharge;  otherwise it was.  There may be cases where the act is performed without any particular malice, in the sense of ill will, towards a party, and the act itself necessarily implies the degree of malice which is sufficient to bring the case within the exception stated in the statute.  If the act was willful (that is, selling the carbolic acid in its raw state and not the carbolic acid that was asked for, diluted 2 per cent.) whether this was a willful act in the sense that it was intentional and voluntary, if it was malicious within the meaning of the statute, it follows that the bankrupt cannot be discharged at this stage.  In order to come within that meaning as a judgment for willful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice.  In Bromage v. Prosser, 4 Barn. & Cres. 347, which was an action of slander, Mr. Justice Bayley among other things said:

"Malice in common acceptation means ill will against a person, but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse. If I give a perfect stranger a blow likely to produce death, I do it of malice, because I do it intentionally and without just cause or excuse. If I maim cattle, without knowing whose they are, if I poison a fishery, without knowing the owner, I do it of malice, because it is a wrongful act and done intentionally. If I am arraigned for felony and willfully stand mute, I am said to do it of malice, because it is intentional and without just cause or excuse. And if I traduce a man, whether I know him or not and whether I intend to do him an injury or not, I apprehend the law construes it as done of malice and because it is wrongful and intentional. It equally works an injury whether I meant to produce an injury or not."

It is said of this case in Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754:

"We cite the case as a good definition of the legal meaning of the word 'malice.' The law will, as we think, imply that degree of malice in an act of the nature under consideration, which is sufficient to bring it within the exception mentioned."         ∘

The court further says:

"It is urged that the malice referred to in the exception is malice towards the individual personally, such as is meant, for instance, in a statute for maliciously injuring or destroying property, or for malicious mischief, where mere intentional injury without special malice towards the individual has

been held by some courts not to be sufficient. Commonwealth v. Williams, 110 Mass. 401."

In Matter of Munro (D. C.) 195 Fed. 817, the court, quoting from Tinker v. Colwell, supra, says:

"It seems clear from the language of the court in this case that injury to person or property in the legal sense is a malicious injury in the absence of hatred, spite, or ill will, provided the act was intentional, wrongful, and without just cause or excuse."

It seems to me that the judgment itself in this case under the pleadings establishes that the act of the defendant was intentional, wrongful, and without just cause or excuse. The purchase from the defendant, if the article requested had been given to plaintiff for the compensation demanded, would have resulted in no injury to her; but, as the defendant gave her a liquid which when applied to the person was highly injurious and did result in injury, it was done intentionally, maliciously, and wrongfully, and without just cause or excuse. In Collier on Bankruptcy (8th Ed.) 321, it is said:

"The word 'willful' as here used means nothing more than intentional, while the 'malice' here intended is nothing more than that disregard of duty which is involved in the intentional doing of a willful act to the injury of another."

In Peters v. United States ex rel. Kelly, 24 Am. Bankr. Rep. 206, 177 Fed. 885, 101 C. C. A. 99, the Circuit Court of Appeals, Seventh Circuit, reversing United States ex rel. Kelley v. Peters (D. C.) 22 Am. Bankr. Rep. 177, 166 Fed. 613, held:

"The term 'willful and malicious injury,' as used in section 17(2) of the Bankruptcy Act of 1898, excepting liabilities therefor from a discharge in bankruptcy, does not necessarily involve hatred or ill will as a state of mind but arises from a wrongful act, done intentionally without just cause or excuse, and special malice is not necessary to sustain a judgment for such injury to person or property."

As was said in the Munro Case, supra:

[3] "I think a case is within the exception when the act producing injury to person or property was wrongful, intentional, and done without just cause or excuse; that is, a wrongful act was done under circumstances from which with the nature of the act the law implies malice. * * * In construing statutes making it a crime to do 'malicious' injury to property, the courts have quite generally held that the element of spite, hatred, or ill will was involved. * * * A careful reading of the cases found in 5 Words and Phrases Judicially Defined, pp. 4298–4312, will demonstrate that the decisions of the courts are far from uniform and incapable of reconciliation; but, after all, the great weight of authority is that: 'Malice in its common acceptation means ill will against a person; but in its legal sense it means a wrongful act done intentionally without just cause or excuse.'"

Under the authorities hereinabove cited it is quite apparent that the judgment obtained herein is not one that can be canceled of record by reason of the bankrupt's discharge. The motion should therefore be denied.

Motion denied.