In the Matter of FRANCIS T. SHYNE.

CLARA E. BROWN, Plaintiff, *v.* FRANCIS T. SHYNE, Defendant.*

Supreme Court, Oneida County, March 23, 1928.

*Carleton B. Shaw*, for the petitioner.

*Lee & Judson*, for Clara E. Brown.

CHENEY, J. The respondent, Clara E. Brown, recovered a judgment against the petitioner, Francis T. Shyne, for $13,029.82, which was docketed in the Oneida county clerk's office, June 2, 1926. On June 8, 1926, Shyne filed a petition in bankruptcy in the United States District Court for the Southern District of Floiida, accompanied by schedules in which the Brown judgment was listed as a provable debt, and he was adjudicated a bankrupt on that date. Subsequently, on the 7th day of September, 1926, he was duly discharged by the bankruptcy court from all debts and claims which by the Bankruptcy Acts are made provable against his estate, which existed on the 8th day of June, 1926. More than one year having elapsed since such discharge, he has applied under section 150 of the Debtor and Creditor Law (as amd. by Laws of 1922, chap. 77) for an order canceling and discharging the judgment of record.

As the necessary procedural steps have been regularly taken, if it appears that the petitioner has been discharged from the payment of the judgment, this section makes it mandatory upon the court to grant the motion. (*Hussey* v. *Judson*, 43 Misc. 370; *Eberspacher* v. *Boehm*, 58 Hun, 603; 11 N. Y. Supp. 404; affd.,

* Appeal dismissed, 224 App. Div. 876.

*sub nom. Eberspacher* v. *Bohm*, 126 N. Y. 678.)  Section 17 of the Bankruptcy Act (30 U. S. Stat. at Large, 550, chap. 541, as amd. by 42 id. 354, chap. 22; U. S. Code, tit. 11, § 35), so far as material, provides: " A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as  *  *  *  (2) are liabilities  *  *  *  for willful and malicious injuries to the person or property of another."

It has been held that the character of the " liability " as used in that statute is not changed by the fact that the liability has been reduced to judgment.  (*Peters* v. *U. S. ex rel. Kelley*, [C. C. A.] 177 Fed. 885.)  The question whether or not this liability, which was reduced to judgment, is one of those which is excepted by the Bankruptcy Law from the operation of this section and is consequently not released by the discharge, must be determined from the record of the action which resulted in the judgment. The action was brought to recover damages against the defendant therein, who was a chiropractor, for injuries received through certain manipulations made by him upon the person of the plaintiff therein, while engaged in treating her for certain ailments about which she had consulted him as such chiropractor.  In other words, it was what is commonly known as a malpractice action.

The gravamen of the action is negligence, and consists in the failure by the defendant to possess or to use the degree of skill requisite for the diagnosis and treatment of the disease which he undertook to treat.  The complaint alleges that the defendant " did so violently, unskillfully, carelessly, recklessly and negligently manipulate, twist, turn and handle her head, neck and body, while so treating and pretending to treat plaintiff " that injury resulted.  During the first trial plaintiff was permitted to amend the complaint by adding the words, " that in so treating the plaintiff the defendant was engaged in the practice of medicine contrary to and in violation of the provisions of the Public Health Law of the State of New York in such case made and provided, he at the time of so treating plaintiff not being a duly licensed physician or surgeon of the state of New York," and the trial judge permitted proof of that fact and submitted that question to the jury as a ground of negligence.  When the judgment then rendered reached the Court of Appeals (*Brown* v. *Shyne*, 242 N. Y. 176, 180), it was reversed because that feature of the case was permitted to be considered by the jury, and the court said: " The plaintiff's cause of action is for negligence or malpractice.  The defendant undertook to treat the plaintiff for a physical condition which seemed to require remedy.  Under our law such treatment may be given only by a duly qualified practitioner who has obtained a license.

The defendant in offering to treat the plaintiff held himself out as qualified to give treatment. He must meet the professional standards of skill and care prevailing among those who do offer treatment lawfully. If injury follows through failure to meet those standards, the plaintiff may recover. The provisions of the Public Health Law may result in the exclusion from practice of some who are unqualified. Even a skilled and learned practitioner who is not licensed commits an offense against the State; but against such practitioners the statute was not intended to protect, for no protection was needed, and neglect to obtain a license results in no injury to the patient, and, therefore, no private wrong. The purpose of the statute is to protect the public against unfounded assumption of skill by one who undertakes to prescribe or treat for disease. In order to show that the plaintiff has been injured by defendant's breach of the statutory duty, proof must be given that defendant in such treatment did not exercise the care and skill which would have been exercised by qualified practitioners within the State, and that such lack of skill and care caused the injury. Failure to obtain a license as required by law gives rise to no remedy if it has caused no injury."

With the law of the case thus crystallized, the action came on for trial a second time and the judgment in question resulted.

It has been held in the United States Circuit Court of Appeals, where the question was presented squarely for decision, that a judgment for malpractice is dischargeable where there is no allegation or proof of " willful or malicious injuries." (*Matter of Byrne*, [C. C. A.] 296 Fed. 98; 2 Am. B. R. [N. S.] 448.)

In view of the definition by the Court of Appeals in *Brown* v. *Shyne* (*supra*) and the decision in the *Byrne* case, of the nature of the liability for which the judgment in this case was rendered, I can see no escape from the conclusion that this judgment is a provable debt against the bankrupt, and is not one of the debts which is excepted from the effect of the discharge by section 17 (2) of the Bankruptcy Act.

My attention has been called to *Matter of Halper* (82 Misc. 205), where it was held that a judgment recovered for negligence was not dischargeable, but the reasoning of the decision is not convincing. It is based upon certain broad statements contained in *Peters* v. *U. S. ex rel. Kelley* ([C. C. A.] 177 Fed. 885) where the judgment involved was for an assault and battery; *Matter of Munro* ([D. C.] 195 Fed. 817), where the judgment was for forcible entry and detainer; and *Tinker* v. *Colwell* (193 U. S. 473), where the judgment was for criminal conversation. Actions of this character all involve the fact of malice, as it is commonly understood, and

these cases only withdraw from the interpretation of the words "willful and malicious," as used in the Bankruptcy Act, the element of personal ill will or hatred toward the person injured. In the opinions certain language is used, which taken alone and disassociated from the case under discussion, might justify the inference drawn; but a careful reading of the opinions as a whole conclusively shows that no such broad rule was intended.

The motion to cancel the judgment is accordingly granted.