### (May 15, 1940.)

The People of the State of New York, Respondent, *v.* Ralph G. O'Marah, Appellant.

All concur, except Taylor and Harris, JJ., who dissent and vote for reversal on the law and facts and for granting a new trial, in an opinion by Taylor, J. Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

Taylor, J. (dissenting). The record discloses that an unusual situation, not of his making, confronted the defendant as he approached the scene of the accident. The Wright car was parked partly on the northerly strip of concrete at an angle which tended to obscure its taillights even if it be assumed that one or both of them

were lighted. The Robinson car was stopped on the southerly strip of concrete about opposite the Wright car with its lighted headlights facing defendant. Mr. Wright, who was talking to Mr. Robinson, stood on the concrete between the two cars, near and slightly to the rear of the left front door of the Robinson car. The time was before sunrise; falling snow and darkness tended to make visibility poor. The defendant's car came into collision with both the Wright and the Robinson cars and struck Mr. Wright, as defendant attempted to pass between the two cars. The evidence which was offered to support a finding that defendant's speed was between fifty and sixty miles an hour is not convincing. The defendant testified that he was driving thirty-five miles an hour and did not apply his brakes when he was suddenly confronted with the situation created by the position of these cars because the snow made the highway slippery. A car moving thirty-five miles an hour would appear to be traveling fast and the same result (as in this case) would ensue if the brakes were not applied. Defendant did not lose control of his car after the accident. Whether the evidence supports a finding of culpable negligence, rather than lack of either sound judgment or skillful driving, under the circumstances is, at most, a close question.

" A conviction for criminal negligence may follow upon proof beyond a reasonable doubt that the proximate cause of the death of a human being was the operation or driving of a vehicle by the defendant under circumstances which show negligence on his part and in addition a reckless disregard of the consequences of such conduct and his indifference to the rights of others." (*People* v. *Gardner*, 255 App. Div. 683, 685.) (See, also, *People* v. *Angelo*, 246 N. Y. 451; *People* v. *Waxman*, 232 App. Div. 90; *People* v. *Biocchio*, 259 id. 267.)

The district attorney's cross-examination of the defendant's character witnesses upon the subject of prior accidents in which defendant was involved may have caused the jurors to conclude that defendant was an habitually careless driver. The defendant's objection to the admission of this evidence was overruled. This ruling was erroneous, but no exception was taken thereto. On cross-examination of the defendant the district attorney was permitted to show that defendant had consumed two glasses of beer on the afternoon preceding the accident. Although the evidence affirmatively established that defendant was not under the influence of intoxicants, the jury was instructed that it might take into consideration the fact that defendant had taken two glasses of beer and determine whether or not his ability to drive properly was thereby affected or impaired. No exception to this portion of the charge was taken. I am of the opinion, however, that in view of all the circumstances of this case the interests of justice will best be served by the granting of a new trial.

The judgment of conviction and order should be reversed on the law and facts and a new trial granted.

Harris, J., concurs with Taylor, J.