**In re TUCCILLO.**

No. 41960.

District Court, E. D. New York.

Dec. 26, 1941.

Philip Weiss, of New York City, for administrator.

Charles V. Paganelli, of New York City, for bankrupt.

CAMPBELL, District Judge.

This is a motion for an order vacating the stay granted in the order dated December 4th, 1941, by Judge Marcus B. Campbell in this bankruptcy in so far as it prevents Solomon Greenfield, individually and as administrator of the goods, chattels and credits of Jerome Henry Greenfield, deceased, from proceeding to take steps to collect the judgments obtained by him individually and as administrator aforesaid in an action in the Supreme Court of Kings County on November 14th, 1941, on the ground that said judgments are not debts which are dischargeable in bankruptcy under Section 17, subdivision a(2) of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a (2).

On October 27th, 1940, while the said Solomon Greenfield in his automobile ac-

companied by his two sons, one of whom was Jerome Henry Greenfield, was crossing Ocean Avenue at its intersection with Avenue N, the green light in his favor, a car driven by the bankrupt came through Ocean Avenue at a high rate of speed, the red light being against him, deliberately passed it and so violently hit the Greenfield car, that the Greenfield car was whirled around in the air, and thrown some seventy feet along Avenue N, and the deceased, a young child who was a passenger therein, was thrown from the car and died at the scene of the accident from severe and serious personal injuries, primarily consisting of a fractured cervical spine comminuted, and a crushed chest.

So much of Section 17 of the Bankruptcy Act, Title 11, Section 35, U.S.C.A., as is necessary for consideration on this motion provides as follows: a. "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another * * *."

■ The mere fact that the bankrupt was driving very fast, or that he was guilty of negligence would not be sufficient to make the claim, even for death of the decedent, one that was not dischargeable in bankruptcy, but so to do the act of the bankrupt must have been willful and malicious.

Not only were the Greenfields crossing Ocean Avenue where it was intersected by Avenue N, but there were other cars also crossing, in fact after hitting Greenfield's car the bankrupt's car also collided with another car before he could bring his car to a stop.

■ This showed the danger to be apprehended to life, limb and property, but, in the face of all that, the bankrupt with an utter disregard of human life, and with knowledge that the red light was against him, deliberately attempted to cross at high speed, and in so doing caused the death of Jerome Henry Greenfield, for which judgment in the sum of five thousand dollars was given, and for the damages suffered by Solomon Greenfield judgment for seven hundred and fifty dollars was given.

The acts of the bankrupt are not to be treated simply as negligent acts, but as a willful and malicious injury to person and property.

Judge Knight in the case of In re Kubiniec, D. C., 2 F.Supp. 632, said " 'Willful negligence' has been defined as that degree of neglect arising where there is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public, in the performance of which the public and the party injured had an interest. 'To constitute a willful injury, the act which produced it must have been intentional, or must have been done under such circumstances as to evince a reckless disregard for the safety of others, and a willingness to inflict the injury complained of.' 40 Cyc. 948, quoted in Re Cunningham (D.C.) 253 F. 663, 665. * * *", and, quoting McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205, said: "It was an honest debtor, and not a malicious wrongdoer, that was to be discharged."

■ A wrongful act done intentionally which necessarily causes harm and is without just cause or excuse, constitutes a willful and malicious injury. Kavanaugh v. McIntyre, 210 N.Y. 175, 182, 104 N.E. 135; In re Levitan, D.C., 224 F. 241, 243.

■ That the acts of the bankrupt were not in the complaint in the suit, on which the judgments in question are based, charged in the language of the Bankruptcy Act as "willful and malicious", is not conclusive as to whether the judgments obtained in that action are dischargeable in bankruptcy. In re Greene, 7 Cir., 87 F.2d 951, 109 A.L.R. 1188; In re Dutkiewicz, D.C., 27 F.2d 334; Humphreys v. Heller, 157 Misc. 568, 283 N.Y.S. 915; Yackel v. Nys, 258 App.Div. 318, 16 N.Y.S.2d 545; Bank of Williamsville v. Amherst Motor Sales, Inc., 234 App.Div. 261, 254 N.Y.S. 825.

In addition to all that I have shown it also appears that the bankrupt has been convicted of "criminal negligence in the operation of a vehicle resulting in death" of the said deceased under Section 1053-a of the Penal Law of the State of New York.

For the definition of "Criminal negligence" by the New York State Courts see People v. Gardner, 255 App.Div. 683, 8 N.Y.S.2d 917; People v. Ambrico, Co.Ct., 12 N.Y.S.2d 510; People v. O'Marah, 259 App.Div. 973, 19 N.Y.S.2d 887; Brown v. Garey, 267 N.Y. 167, 196 N.E. 12, 98 A.L.R. 1449.

■ That the bankrupt's liability has been reduced to judgment does not change

the character of the liability as used in the Bankruptcy Act. Matter of Shyne, 133 Misc. 306, 231 N.Y.S. 429.

The motion is granted.