## In re ELLMAN.

### No. 34005.

District Court, W. D. New York.

June 29, 1942.

Woodin & Woodin, of Dunkirk, N. Y., for bankrupt.

Sullivan & Sullivan, of Dunkirk, N. Y., for judgment-creditor, Lucas Kroll.

KNIGHT, District Judge.

This is a motion to enjoin the enforcement of a garnishee execution against the above-named bankrupt. Such execution was issued upon a judgment obtained by Kroll against Ellman in a suit in negligence. The question here is whether such judgment is in an action for "willful and malicious injuries to the person or property of another." See Section 17, subdiv. 2 of the Bankruptcy Act, 11 U.S.C.A. § 35(2). The pleadings and the record on the trial on default of the defendant have been submitted on this motion.

The complaint alleges "that said accident was caused solely and entirely by the culpable and willful negligence and recklessness of the defendant." It is noticed that "malice" is not charged. If any distinction is to be drawn between the meaning of the word "willful" and the word "malicious", the pleading does not state a cause of action upon which a judgment is exempted under Section 17, supra. Negligence here must be based both upon "willful" and "malicious" acts. It does not seem to me that it is necessary to seek any difference in the meaning of these two words, because there is nothing in the record sustaining the claim that the acts of the plaintiff causing the injuries were either "willful" or "malicious." "Culpable" has no wider meaning.

The judgment creditor seeks to sustain the claim that the acts of the defendant were "willful" and "malicious" in causing the injuries on the single statement which the plaintiff testified the defendant made to him immediately following the accident. He testified that the defendant said: "Gee, if I knew that was you I wouldn't hit you." The plaintiff alone testified. He was riding in an automobile as a passenger, when on account of a storm

he and his operator got out to clear the windshield and rear window. Plaintiff was engaged at the rear window when, as he says, he looked up and saw the defendant's car approaching; that it "was zig-zagging but that it was on a straight course down the road." It was snowing hard. It also had been raining, and the snow froze on the windshield. Defendant's view obviously was obscured as was the plaintiff's. It seems clear that the accident resulted from the condition of the weather and there is nothing in the evidence relating to the acts themselves to show any "willful" or "malicious" movement by the defendant. The plaintiff and the defendant were acquaintances. It seems plain from the record that the statement, if made as plaintiff testifies, was not made to show intent to injure any one. Certainly there is no motive shown for such intent. It seems to me that the record discloses merely an action in negligence without the element of either "willfulness" or "maliciousness." There is, of course, no opinion of the trial Judge, and the record only shows that judgment was directed for the plaintiff in the sum of $3,000.

I have had frequent occasion to consider proceedings involving questions comparable with that presented here. I direct attention particularly to In re Kubiniec, D.C., 2 F.Supp. 632, 21 A.B.R.,N.S., 624, in which the meaning and effect of willful was considered. See also In re McCarthy, D.C., 8 F.Supp. 518, and cases there cited.

Motion granted.