In the Matter of Supplementary Proceedings: LEO MARGULIES and Another, Judgment Creditors, *v.* JANET GARWOOD and Another, Judgment Debtors.

Supreme Court, Special Term, Queens County, July 30, 1942.

*Samuel Weiss*, for the judgment creditors.

*Herman Brothers*, for the judgment debtors.

DALY, J. This is a motion by the judgment debtor Janet Garwood for an order vacating a subpœna for her examination in supplementary proceedings, upon the ground that on or about May 8, 1942 she filed a petition and schedules in bankruptcy in which was included plaintiffs' judgment, and that thereafter on July 3, 1942 she was duly discharged in bankruptcy. The ultimate question to be determined is whether plaintiffs' claims, which are embodied in a judgment arising out of an automobile accident, are debts dischargeable in bankruptcy under section 17 of the Bankruptcy Act (U. S. Code, tit. 11; § 35).

So much of said statute as is necessary for consideration here provides as follows: " (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another * * *."

According to the complaint, as amplified by the bill of particulars, in the action which resulted in the judgment in question, the accident occurred on January 8, 1940, while the plaintiffs were proceeding northerly on the Savannah Waterboro highway in the State of South Carolina. At that time the movant was operating a Buick automobile for and on behalf of the other judgment debtor and was proceeding in a southerly direction on the said highway. It was charged that the movant operated the said automobile at a fast and reckless rate of speed and on the wrong side of the highway, in an effort to overtake a bus and as a result collided with the plaintiffs' automobile causing them to sustain serious personal injuries and property damage. According to a deposition of one of the witnesses to the accident, the movant's car:

" * * * Attempted to pass the bus, and in doing so, there was a dip in the road, and when she went over the knoll she ran into the car coming north. She was on the wrong side of the road, which was a two-lane highway. She was going at an excessive rate of speed, and on account of the dip, the driver of the South bound car could not see ahead.

" * * * The southern bound car was on the wrong side of the road, both cars being locked together. They had collided head-on. * * * The car going south was driving at an excessive rate of speed, I would judge about seventy miles an hour, and she was following another car which was going much faster than that. The first car went around the bus, and she, thinking that the road was clear went around the bus and as she was at the dip in the road did not see the car coming north. Henceforth, a head-on collision."

In opposition to this application, it is contended that the accident herein was caused by the movant's willful and intentional act of driving recklessly her automobile on the wrong lane and at an excessive rate of speed and that therefore the judgment rendered against her is not dischargeable in bankruptcy. Moreover she was charged by G. L. LANGFORD, a magistrate of Jasper county, South Carolina, with " reckless driving of an automobile " in said county, and that " she entered a plea of guilty and paid a fine of Ten Dollars."

The judgment debtor, on the other hand, contends that this was an ordinary and simple accident or negligence case and that she did not intentionally or willfully or maliciously injure the plaintiffs. She fails, however, to submit any facts showing how the accident occurred and upon the record as submitted by the plaintiffs I am constrained to conclude that the accident was caused by her reckless driving in disregard of the rights of the

plaintiffs. In addition she pleaded guilty to the charge of " reckless driving of an automobile " and the statute under which said charge was made provides: " Any person who drives any vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving." (Laws of South Carolina of 1937, Act 175, § 31 approved by the Governor April 16, 1937.)

Recklessness has been held to be the equivalent of willfulness (*Pickett* v. *Railway*, 69 S. C. 445; 48 S. E. 466; *Bussey* v. *Railway*, 75 S. C. 116, 129; 55 S. E. 163), and in a case somewhat similar to the one here involved (*Matter of Dutkiewicz*, 27 F. [2d] 334), the court said: " * * * Willful negligence has come to have a settled signification in the law, and has been defined as that degree of neglect arising where there is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public, in the performance of which the public and the party injured has an interest." and that " * * * Wanton and reckless conduct — that is, acts done with an utter disregard of the rights and safety of another or his property — may constitute willful and malicious injury to the person or property of another." (See, also, *Greene* v. *Lane*, 87 F. [2d] 951; *Matter of Tuccillo*, 42 F. Supp. 857.)

The application is accordingly denied. Submit order.