## In re CARNCROSS.

### No. 38993.

United States District Court
W. D. New York.
Aug. 10, 1953.

Morris Lipsitz, Buffalo, N. Y., for bankrupt.

Walter J. Gunderman, Buffalo, N. Y., for Alwin Pauli, judgment creditor.

KNIGHT, Chief Judge.

The bankrupt has obtained an order to show cause returnable July 13, 1953, restraining and enjoining bankrupt's employer from retaining and paying over from his earnings to judgment creditors pursuant to a garnishee order until the hearing and decision of the motion.

On the return day the arguments were heard. It appears that the bankrupt had been sued in the State court in four separate actions for negligence arising out of the same collision between his automobile and the automobile of Alwin Pauli in which accident Alwin Pauli and his daughter Margaret were injured and survived and his wife Esther and his daughter Esther both suffered injuries from which they died. Judgments have been entered in favor of the several plaintiffs and against the bankrupt.

It is necessary to examine the pleadings and judgment to determine whether the bankrupt may be released from the debts which the judgment creditor claims are not dischargeable.

Each complaint in the Pauli actions alleges:

"Seventh: Plaintiff further alleges that the aforesaid accident occurred wholly and solely on account of the carelessness and negligence of the defendant Kenneth Carncross in operating the said automobile at a high, dangerous and reckless rate of speed under the circumstances, and in intentionally and wilfully operating the said automobile through an established boulevard stop sign without stopping; in operating his said automobile intentionally and wilfully through and against the red light and stationary signal established at that point for the regulation of traffic; and in operating his said automobile without due regard to the passage of other traffic upon the said

highway, and in violation of and contrary to the Laws of the State of New York in such cases made and provided, all of which matters of negligence and carelessness on the part of the defendant caused and contributed to the accident before set forth, without any fault or neglect on the part of the plaintiff * * *.

"Eighth: Plaintiff further alleges that the aforesaid accident occurred wholly and solely on account of the wilful negligence of the defendant Kenneth Carncross."

It will be noted that there is no allegation of "malice."

At the trial, without amendment of the complaints, the attorneys for the parties stipulated, and the trial judge charged the jury, that "the definition of wilful negligence to be submitted to you and by which you will be guided in your deliberations" is this: "To be wilfully negligent, one must be conscious of his conduct, and although having no intent to injure, must be conscious from his knowledge of surrounding circumstances and existing conditions that his conduct will naturally and probably result in injury." The Court, without objection, also charged the jury that "the sole question is whether or not he (Carncross) was guilty of wilful negligence" and later, "the question for you to determine is whether or not the defendant, Mr. Carncross, was guilty of wilful negligence." The jury returned a sealed verdict which was in favor of each of the plaintiffs.

 No doubt exists that the bankrupt was found to have committed "wilful negligence." The provision of the statute, 11 U.S.C.A. § 35, is that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * *, except * * * for willful and malicious injuries to the person or property of another, * * *." The words "malicious" and "intentionally" are not synonymous; nor does the one include the other. Something more than an intention to do the thing afterwards pronounced as a wrong and inexcusable is necessary to constitute malice. McClellan

v. Schmidt, 235 F. 986; In re Levitan, D.C., 224 F. 241; In re Ellman, D.C., 48 F.Supp. 518.

Motion of the bankrupt is granted.