Thomas A. Aurelio, J.
This is an application by judgment debtors to have certain judgments cancelled of record. The judgments were obtained by the judgment creditors in their action brought against the debtors based upon negligence. The debtors have been adjudicated bankrupt and have been duly discharged. The dischargeability of the judgment debts is in issue. The main action was tried without a jury. The court there reached the conclusion “ that the car driven by the defendant Mamalis, Jr., in which the plaintiffs were passengers, was being operated at an excessive rate of speed immediately prior to the occurrence of the accident here involved.” It was also stated: “ Upon the evidence before me I hold that the injuries sustained by the plaintiffs were caused by the negligence of the defendant Mamalis, Jr. without any contributory negligence on the part of either plaintiff.”
The accident occurred when the defendant, operating a ear at an excessive rate of speed as found, failed to make a right turn in the road and accordingly crossed over to the wrong side of the road, causing the car to come in contact with a lamp post.
In Matter of Carncross (114 F. Supp. 119) the plaintiff, in the main action, charged the defendant Carncross with operation of the motor vehicle at a high, dangerous and reckless rate of speed, with intentional and willful operation of the motor vehicle *181 through an established boulevard stop sign without stopping, and through a red light and stationary signal established at the point for regulation of traffic, and with operation of the vehicle without due regard to the passage of other traffic upon the highway. Upon the trial of the action the jury was charged, pursuant to stipulation (p. 120): “ To be wilfully negligent, one must be conscious of his conduct, and although having no intent to injure, must be conscious from his knowledge of surrounding circumstances and existing conditions that his conduct will naturally and probably result in injury. ’ ’ The court further charged that in addition “ the sole question is whether or not he was guilty of wilful negligence And, “ the question for you to determine is whether or not the defendant, Mr. Carncross, was guilty of wilful negligence.” On the debtor’s application to enjoin enforcement of a garnishee order by reason of adjudication of bankruptcy, the court held (p. 120): “No doubt exists that the bankrupt was found to have committed 1 wilful negligence ’. * * * The words 6 malicious ’ and ‘ intentionally ’ are not synonymous; nor does the one include the other. Something more than an intention to do the thing afterwards pronounced as a wrong and inexcusable is necessary to constitute malice.”
It is quite obvious from the record of this case that the operator of the motor vehicle was on the wrong side of the highway only because of the failure to make a right turn and not because of intentionally entering the wrong side of the road to pass another vehicle or for any other reason. There was some suggestion upon the trial of the main action here that the plaintiffs had previously taken the position that the Westchester County Park Commission and the County of Westchester were responsible for the occurrence of the accident by reason of faulty lighting and failure properly to post road warnings. It now appears that such position was taken by the plaintiffs in applications made by them for leave to serve and file notice of claim against the Westchester County Park Commission and the County of Westchester. .
In Margulies v. Garwood (178 Misc. 970) the car there too was operated at a fast and reckless rate of speed and on the wrong side of the highway, but was so operated in an effort to overtake a bus, resulting in collision. Apart from the fact that there the operator willfully attempted to pass a vehicle and in such circumstances that the driver could not see the car ahead with which his car came into collision, the court there also considered the extraneous fact that the operator of the car had pleaded guilty *182 to a charge of reckless driving of an automobile. In Greenfield v. Tucillo (38 N. Y. S. 2d 758) the operator of the car admittedly was talking to his girl friend while driving, by virtue of which he failed to observe the change in traffic lights. Upon that basis the court properly reached the conclusion that the driver operated the motor vehicle in utter disregard of the consequences. In Wyka v. Benedicks (266 App. Div. 1025, 1026) it was observed that: ‘1 2Neither the allegations of the complaint nor the proof thereunder on the trial of the movant discloses that the judgment was based on ‘ willful and malicious injuries to the person * * * of another’”. It was further held
that: ‘ ‘ Although the facts in this case would permit a jury to find negligence on the part of appellant, they do not constitute proof that he was guilty of any willful or malicious act.” Here too, the court upon the trial of the main action found the operator of the car guilty of negligence despite the fact that the complaint had alleged reckless conduct. The sole negligence specified and found was the operation of the motor vehicle at an excessive rate of speed. It is quite obvious that there was a failure to find that the operator entered the wrong side of the road since this occurred only by virtue of the failure to make a right turn and this circumstance appears to have resulted from causes which negative any claim of reckless disregard of consequences. The motion is granted. Settle order.