**In the Matter of Cecil Eugene YOUNG, Bankrupt.**

**No. 31732.**

United States District Court
S. D. Ohio, W. D.

Feb. 4, 1965.

Flach Douglas, Milford, Ohio, for bankrupt.

Morris J. Leher, Cincinnati, Ohio, for Leeds, Inc.

JOHN W. PECK, District Judge.

Subsequent to discharge in bankruptcy, Leeds, Inc., took judgment against the bankrupt in the Municipal Court of Cincinnati, Ohio, on a cognovit note. The petition in that action alleged that the debt there sued on was not dischargeable in bankruptcy because the obligation had been incurred in reliance on a financial statement "and other statements and representations" signed by the bankrupt, which the petition alleges to have been "false, fraudulent and made by [bankrupt] for the purpose of deceiving and defrauding [Leeds, Inc.]."

Thereafter bankrupt filed an application for Leeds, Inc., to show cause why the municipal court judgment was not invalid and without force and effect, pursuant to which the Referee in Bankruptcy entered an order captioned "Decree In Equity" finding the judgment to be "of no effect" and permanently enjoining execution under or enforcement thereof. That order is presently before this Court under the referee's Certificate On Petition For Review, which Petition was filed by Leeds, Inc.

There is no Ohio decision which is either controlling or of material assistance. Leeds, Inc. relies heavily on the affirmance by the First District Court of Appeals of Ohio of a similar case, but that Court wrote no opinion and we decline to be bound by the conjectural teaching of that case. The only other state determination is Dye v. Bertram, 5 Ohio Dec. Reprint 508 (Common Pleas, 1877), by which we are not bound and with which we do not agree. However, we will not hazard an opinion as to whether or not it was overruled by the unreported court of appeals relied on by respondent.

In an effort to justify intervention the referee cites and relies on Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Under that decision the bankruptcy court clearly has jurisdiction to enforce its order of discharge by enjoining the prosecution of such suits as the municipal court action

here involved by ancillary proceedings where unusual circumstances exist. However, the Hunt decision is bottomed upon the fact that establishment of a defense by the bankrupt there involved would have entailed "not only his intervention in a state court of first instance, but also, because of previous decisions of the State Supreme Court, a succession of appeals, causing disproportionate trouble, embarrassment, expense and possible loss to the Bankrupt." In the light of these circumstances, the Supreme Court held that the remedy was inadequate and affirmed the equitable jurisdiction of the bankruptcy court.

■ It will be noted that in Hunt the Supreme Court had before it on the record evidence of circumstances upon which it based its determination of the inadequacy of the remedy at law. In the present circumstances the Referee has gone outside the record to find support for opinions as to the dire effects on the bankrupt of the municipal court judgment. However, to pursue the path dehors the record, we judicially notice the fact that the Municipal Court of Cincinnati routinely grants motions to set aside default judgments on cognovit notes and to permit the affirmance and proof of a defense in such actions.

■ It is here concluded that the bankruptcy court is without power to stay the execution of a judgment by equitable proceedings in the absence of a showing of the inadequacy of the remedy at law. Because as a "Conclusion of Law" the Referee states that the bankrupt's state court remedy is inadequate since he would be required to pursue an expensive course of litigation, it is suggested that the presentation of a motion to set aside the default judgment would have been a simpler and less expensive course than this tortuous "Show Cause" procedure.

■ The Referee's ultimate Conclusion of Law states that the determination with respect to the temporary injunction issued by the Bankruptcy Court "hinges on the narrow issue of whether or not a power of attorney to confess judgment is revoked by a subsequent discharge in bankruptcy," and finds that Bankruptcy does affect such revocation. In view of the determination herein made, it becomes unnecessary to consider this point. Such revocation was (or could have been at the option of the bankrupt) an issue in the Municipal Court action, and on the present state of the record there has been negatively resolved to him. The petition in that cause alleged that the indebtedness of the Bankrupt was not dischargeable because of the alleged false financial statement which he gave, and the rendition of judgment of necessity carried with it a determination that the debt sued upon was non-dischargeable. The applicable law is stated in Remington On Bankruptcy, Vol. 5, Section 2205, page 364, as follows:

"After the proceedings in Bankruptcy are fully terminated, the Bankrupt himself is no longer a party, and recourse to the Bankruptcy Court cannot be had for determination of a controversy between him and a third person."

Thus, absent the lack of an adequate remedy found to exist in Hunt but not here, recourse was not available to the Bankruptcy Court for a determination of a controversy between the bankrupt and respondent.

In accordance with the foregoing,

It is ordered that the Decree in Equity here under review should be and it is hereby vacated and set aside, and that the injunction therein decreed should be and it is hereby dissolved.