In re Harris.

(No. 53389—Decided May 26, 1970.)

United States District Court, Southern District of Ohio, Western Division.

*Mr. Harry Falk* and *Mr. Stephen E. Kurlanski*, for bankrupt.

*Mr. Jack Rosen*, for Public Finance Company.

Gartner, Referee in Bankruptcy.

The fundamental issue involved in the controversy herein is whether the bankruptcy court has the power to enforce its bankruptcy discharge decree by enjoining a creditor from proceeding with litigation in a state court, and if so, what type of litigation. Much has been written

on this subject, many decisions have been rendered about it, and there is still confusion. It is the purport of this decision to attempt to clarify present day thinking and to set certain guidelines for the exercise of power or the failure to exercise it.

## Findings of Fact

1. On October 22, 1968, the bankrupt, Charles Wesley Harris, was discharged of his debts among which was one to the Public Finance Company that had been listed in the bankruptcy petition.

2. Subsequently, Public Finance Company brought an action in the Hamilton County Municipal Court against the bankrupt and his spouse alleging conversion of certain personal property which was the subject of a security transaction among the parties. Default judgment was taken, garnishment issued, but subsequently the default judgment was set aside.

3. On November 3, 1969, the bankrupt filed a petition with the District Court for permission to reopen his bankruptcy and for a temporary and permanent injunction against the Public Finance Company from proceeding with its litigation. The court granted the petition to reopen and issued a temporary restraining order.

4. Hearings were held on both the question of reopening and the temporary or permanent restraining orders.

5. The evidence was clear and uncontroverted that the bankrupt had nothing to do with the conversion of any of the personal property; that at the time he was allegedly served with the summons of the Hamilton County Municipal Court litigation, the property was in the possession and custody of his wife from whom he was then separated.

6. The creditor, Public Finance Company, repossessed a great part of its merchandise, but not all of it.

7. The petition of the creditor against the bankrupt alleges, inter alia: "Due to defendant's conversion of the said items, or the wilfull concealing of same, plaintiff has been damaged in the sum of $2,115.84."

8. Section 17 of the Bankruptcy Act (11 U. S. Code 35) sets forth debts which are not discharged in bankruptcy. The creditor's debt does not appear to be among these.

9. Section 14 of the Bankruptcy Act (11 U. S. Code 32) sets forth the grounds for objecting to the discharge of the bankrupt, one of which appears to be contained in the allegations in the creditor's Hamilton County Municipal Court petition (Sec. 14 (c) (4)).

10. The creditor filed no objections to the discharge of the bankrupt.

## Conclusions of Law

1. The decision in this proceeding would be much more difficult to render if the debt involved were a nondischargeable one rather than one to which objection to discharge is available. Traditionally nondischargeable debt controversies have been litigated in jurisdictions other than the Federal Courts. The trend of late, however, seems to be that the Federal Courts are enforcing their discharges by enjoining lawsuits over nondischargeable debts if equity demands it (harassing litigation, duplicatory litigation). However, in the instant case, that situation is not present.

2. That the bankruptcy court has the power to enforce its discharge is brought out plainly in *Local Loan* v. *Hunt* (1934), 292 U. S. 234. It is asserted that "unusual circumstances" must be present in order for the Federal Court to assert its power. No unusual circumstances are present in the instant case, but the debt described is plainly one to which objection could have been made to the discharge but was not. The present litigation is an obvious attempt to defeat the discharge, with no basis whatsoever.

3. It would be an unnecessary expense, a burden to the bankrupt, practically harassment, and futile to carry this controversy into the state judicial system.

4. *In re Young,* 240 F. Supp. 664, decided in 1965 by the Honorable John W. Peck, is not a deterrent to the action taken by the referee herein. In that case the injunction of the referee was dissolved because the bankrupt had failed to utilize available state court remedies. In the instant case the bankrupt availed himself by having the judgment set aside, instigating a hearing in the bankruptcy court, and now seeking to prevent further litigation over a matter that has already been scrutinized. The injunctive

power of the bankruptcy court should be preventive rather than curative. If its power is thus exercised, it is lawful. See the following cases:

*In re Kubiniec,* 8 F. Supp. 632 (W. D. N. Y. 1932); *In re McCarthy,* 8 F. Supp. 518 (W. D. N. Y. 1934); *In re Ellman,* 48 F. Supp. 518 (W. D. N. Y. 1942); *In re Carncross,* 114 F. Supp. 119 (W. D. N. Y. 1953).

5. In a most recent decision, *In re Carico,* Bankruptcy No. 2611, U. S. District Court, Eastern District of Virginia, set out in the Bankruptcy Journal, Vol. 44, No. 2, April 1970, the court stated:

"The broad power vested in this court to insure that a person discharged in bankruptcy is not unduly denied the benefits of his adjudication and discharge is well settled. Under the ancillary jurisdiction derived from 11 U. S. C., Section 11, a federal court may enjoin proceedings in a state court where it appears that equity would warrant such action."

The statement would seem to enlarge situations in which a federal court will act from the narrow doctrine laid down in *Local Loan* v. *Hunt, supra.* Such is the trend. For the Bankruptcy Act to be effective and complete, injunctive power must be inherent in the court to protect discharges and thus serve its purpose.

6. If in a hearing before the bankruptcy court it appears that there are reasonable and honest differences between creditor and bankrupt over the dischargeability of a certain debt, the referee should not exercise his injunctive power but permit litigation in the state court wherein a jury and rules of evidence are available. Should a hearing obviously disclose that the bankrupt is entitled to plenary injunctive relief, the power should be exercised. Such is the conclusion herein.

For the reasons stated in this decision, the Public Finance Company is permanently enjoined from litigation with the bankrupt, Charles Wesley Harris, over the subject debt.

*Injunction granted.*