TOMPKINS v. WILLIAMS et al.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

1. DEATH (§ 18*)—ACTION BY WIFE FOR HUSBAND'S DEATH—INJURY TO PROPERTY RIGHTS.

The cause of action of a wife for the death of her husband is for an injury to her property rights.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 18.*]

2. BANKRUPTCY (§ 424*)—DISCHARGE—LIABILITIES DISCHARGED.

Bankr. Act Cong. July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), excepts from the operation of a discharge, among other liabilities, one for willful and malicious injury to person or property. Plaintiff recovered a judgment for the wrongful death of her husband, caused either by the administration of chloral while intoxicated, or by defendant's negligence in failing to properly care for an intoxicated guest at their inn. If the chloral was given, it was merely given to quiet him and to prevent injury to himself and others; there being no claim of intent to injure or kill. *Held*, that under neither ground of recovery could the judgment be considered as one for a willful or malicious injury, so that the judgment was barred by a discharge of defendants in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 818; Dec. Dig. § 424.*]

3. BANKRUPTCY (§ 436*)—DISCHARGE—EFFECT—CANCELLATION OF JUDGMENT—BURDEN OF PROOF.

On motion under Debtor and Creditor Law (Consol. Laws, c. 12) § 150, for cancellation of a judgment on the ground of a discharge in bankruptcy, the burden is on the judgment plaintiff to show that the liability is one excepted from the operation of the discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 840; Dec. Dig. § 436.*]

Smith, P. J., and Cochrane, J., dissenting.

Appeal from Special Term, Delaware County.

Action by Sarah L. J. Tompkins, as administratrix of the estate of her husband, against Charles L. Williams and another. Judgment for plaintiff. From an order of the Special Term denying de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendants' motion to cancel the judgment and vacate an execution issued thereon, under Debtor and Creditor Law, § 150, they appeal. Reversed, and motion granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Marvin & Hanford (E. H. Hanford, of counsel), for appellants.

Williams & Conlon (Edward D. Wagner, of counsel), for respondent.

JOHN M. KELLOGG, J. The plaintiff's intestate met his death at an inn of which the wife of Williams and another were the proprietors and Williams and Monroe were bartenders and employés. The judgment in question is against Williams and Monroe, and is based upon the fact that the intestate's death was caused (1) by the administration of chloral to him by Williams, or (2) by the defendants neglecting to properly care for an intoxicated guest. From the evidence, the pleadings, and the charge of the court, the verdict may have been placed upon either ground, and it is impossible to state upon which ground the recovery rests. It was a disputed question of fact whether chloral was administered by Williams.

Under section 17 of the bankrupt act (Act Cong. July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) a discharge in bankruptcy releases the bankrupt from all provable debts, except certain liabilities, among which is liability for "willful and malicious injury to the person or property of another." The plaintiff's judgment was treated as a liability in the petition of the bankrupt, and due notice of all proceedings in bankruptcy was given to her as a creditor.

The plaintiff's cause of action is for an injury to her property rights. Matter of Meekin v. B. H. R. R. Co., 164 N. Y. 145, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635. If the act which caused the death was malicious and willful, the judgment may survive the discharge in bankruptcy; otherwise, not. It was not claimed that the defendant desired to injure or to cause the death of the deceased. If chloral was administered, it was intended for his benefit, to render him quiet, to prevent his making a disturbance and injuring himself or others. It was clearly, but mistakenly, intended for his good. If chloral was not administered, then the recovery rests solely upon negligence. It was not, therefore, in either case a malicious and intentional injury, within the meaning of the bankrupt act. There was no wrongful intent, as distinguished from a mere legal wrong. Allen v. Fromme, 195 N. Y. 404, 407, 88 N. E. 645; Kavanaugh v. McIntyre, 128 App. Div. 722, 724, 112 N. Y. Supp. 987. The plaintiff upon this motion is charged with the duty of showing that her judgment comes within the exception which saves it from discharge in bankruptcy. That fact has not been established, and it does not, therefore, survive the discharge in bankruptcy.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted. All concur, except SMITH, P. J., dissenting in memorandum, in which COCHRANE, J., concurs.

SMITH, P. J. (dissenting). I agree with the learned judge at Special Term that under the charge the judgment in question must be deemed to have been procured for the act of the defendant in giving the plaintiff's husband chloral, and that it cannot from the record be said to be based upon mere negligence in caring for the plaintiff's husband as a guest. It is certainly a radical holding that a saloon keeper may sell a man whisky and get him drunk, and then give him chloral to quiet him, and when in so doing he kills him, that he has made an innocent mistake, and that a judgment recovered therefor is discharged in bankruptcy. The giving of the chloral was a willful and wrongful act, and in my judgment must be deemed malicious (Colwell v. Tinker, 169 N. Y. 537, 62 N. E. 668, 58 L. R. A. 765, 98 Am. St. Rep. 587); and plaintiff's judgment for the death of her husband, caused by such act, should remain a liability against the defendant until paid.

COCHRANE, J., concurs.