BANK OF WILLIAMSVILLE, Appellant, *v.* AMHERST MOTOR SALES, INC., and Another, Respondents.

Fourth Department, January 6, 1932.

*Carlton E. Ladd,* for the appellant.

*Arthur C. Minahan,* for the respondent William G. Baker.

TAYLOR, J. Two questions arise on this appeal: (1) Has plaintiff elected a remedy by entering a default judgment? (2) Is this action for conversion barred by plaintiff's failure to prove its claim in bankruptcy?

The complaint alleges an agreement between plaintiff and defendants which provided that the title to certain automobiles should remain vested in plaintiff until an indebtedness incurred by defendants in purchasing the cars should be paid; that in case of default in payment or of removal of a car from New York State without plaintiff's consent, or in case a car should otherwise be secretly disposed of, plaintiff might take the automobile without demand and sell it according to law; that notes were given by the defendant sales company to plaintiff as security, which were indorsed by defendant Baker prior to delivery; that the notes were not paid upon demand; that plaintiff demanded possession of the automobiles, but defendants refused to deliver them and converted them to their own use to plaintiff's damage. Defendants defaulted and a default judgment was entered, whether under sections 485 to 487 or

sections 489 to 490 of the Civil Practice Act, the record does not indicate. Defendant Baker filed a voluntary petition in bankruptcy over a year after this default. Later Baker moved to vacate the judgment entered against him, relying upon his discharge in the bankruptcy proceeding. An order was made denying the motion but permitting defendant Baker to answer in this action and allowing the judgment to stand until the further order of the court. Plaintiff not having proved its claim in the bankruptcy proceeding, defendant Baker in his answer set up that proceeding as a bar to plaintiff's claim herein. At the trial the complaint was dismissed on the pleadings on the ground last mentioned.

Concededly, the action is one for conversion. Respondents claim that plaintiff entered judgment by default without making proof and thereby elected a remedy. Even if the record showed such procedure, which it does not, the claim of an election would be without merit. The judgment entered by default still stands of record; but the interposition of an answer was allowed on motion of defendant Baker and the trial of the action has gone on under the original complaint, the answer and the reply, the judgment being permitted to stand of record simply as security. The whole controversy was before the trial court and there is no " former " judgment or complaint or chosen remedy which bars this action. For these reasons the well-known principles stated in *Caylus* v. *New York, Kingston & Syracuse R. R. Co.* (76 N. Y. 609) and *Terry* v. *Munger* (121 id. 161) do not apply.

Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35), since 1903, reads in part as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are *liabilities* for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another * * * or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

Prior to 1903, under subdivision 2, judgment claims only were the subject of exception.

Counsel in their briefs have discussed the cases of *Crawford* v. *Burke* (195 U. S. 176) and *Friend* v. *Talcott* (228 id. 27), the former of which construed the statute existent before, and the latter the act after the 1903 amendment of section 17 of the Bankruptcy Act. The *Friend* case holds that coming into a bankruptcy proceeding with a contract claim which might also be sued in tort is not an election which bars a subsequent tort action to recover a balance unpaid. The *Crawford* opinion, so far as it serves the case at bar, goes no further than to hold that a debt founded upon a contract

is provable in bankruptcy, although a conversion occurs which may be made the basis of an action in tort; and that since the provable debt there did not fall within the exceptions provided for in the old statute, the claim was discharged by the bankruptcy proceeding and that, therefore, the tort action would not lie. The case does not hold that if the claim had been within the purview of the exceptions provided for in the statute, the failure to prove it would have barred the tort action.

A right of action for conversion is provable in bankruptcy and is released by a discharge in bankruptcy unless the conversion charged amounts to actual fraud or larceny or involves a willful injury to person or property. (*Wood* v. *Fisk*, 215 N. Y. 233; *Ulner* v. *Doran*, 167 App. Div. 261; *Meyer* v. *Price*, 250 N. Y. 370.) Respondent contends that this complaint must be construed as necessarily setting up no more than a technical conversion. We do not give it this narrow construction. It states facts as hereinbefore indicated and then in " the usual form of alleging conversion of a chattel " (*Decker* v. *Mathews*, 12 N. Y. 313, 321) alleges that defendants sold and converted the cars to their own use to plaintiff's damage. The allegations in the answer of a different set of facts are denied in the reply. Applying the test above mentioned, the pleadings of plaintiff are such as to authorize proof of a conversion complete at the time of the bankruptcy and of sufficient gravity to indicate moral turpitude and to sustain the action under the principle stated in *Wood* v. *Fisk* and *Meyer* v. *Price* (*supra*). The words " willful and malicious injuries to the person or property of another " in section 17 do not necessarily connote ill-will or special malice. A wrongful act done intentionally without just cause or lawful support is sufficient. (*Tinker* v. *Colwell*, 193 U. S. 473; *McIntyre* v. *Kavanaugh*, 242 id. 138; *Matter of Barbery* v. *Cohen*, 183 App. Div. 424.) As stated in the latter case, " we are not concluded by the form of the action nor even the allegations of the complaint; resort may be had to the entire record to determine the wrongful character of the act."

If the proof should develop nothing more than a constructive or technical conversion, a decision for defendant on the merits might be indicated. The dismissal before the taking of any proof, however, was premature.

The judgment should be reversed upon the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.