**In re DANAHY.**

**No. 33940.**

District Court, W. D. New York.

July 7, 1942.

Benjamin Franklin, of Buffalo, N. Y., for bankrupt.

Hyland & Hyland, of Buffalo, N. Y., for judgment creditor.

KNIGHT, District Judge.

This is a motion to stay a garnishee execution. It is opposed by Alice F. Gehm, as executrix of the will of Nellie D. Coughlin, deceased. On February 28, 1935, Nellie D. Coughlin recovered a judgment against Joseph V. Danahy, the above-named bankrupt, in the sum of $811.60, damages and costs. The judgment creditor seeks to restrain the garnishee upon the ground that a discharge in bankruptcy herein does not release the bankrupt from liability "created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity." Section 17, sub. a(4), Bankruptcy Law. The judgment creditor has submitted affidavits directed to show the nature of the transaction out of which the claimed liability arose. These affidavits are largely hearsay. Whether they are so or not, they are not competent proof of the transactions in question.

A judgment was taken by default, and no testimony was submitted to the court. The only papers upon which the question involved can be determined are the complaint and the judgment. The judgment is barren of anything showing that it was recovered upon any claim coming within the exception created by the Bankruptcy Act. The complaint alleges payment of money to the defendant for the purchase of certain stock; demand for the delivery of stock; failure of delivery; and the allegation that defendant "appropriated said funds or stock and has refused to account therefor." There is nothing in the complaint to show that any liability was created while the defendant was "acting as an officer or in any fiduciary capacity." To establish "fraud, embezzlement, misappropriation or defalcation" it must be clearly shown that the

acts constituting these were done while one was acting as an officer or in a fiduciary capacity. Vide Davis v. Aetna Acceptance Co., 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393; Upshur v. Briscoe, 138 U.S. 365, 11 S.Ct. 313, 34 L.Ed. 931.

Nor is the complaint sufficient as alleging liability under the provisions of subdiv. a(2) of Section 17. Such exemptions relate to liabilities for "obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another." Clearly the complaint does not allege conversion of property so as to bring it within this subsection. It must be shown that there were false pretenses or false representations, or willful and malicious injury.

The motion to stay the garnishee is granted.