GREENFIELD v. TUCCILLO.

No. 288.

Circuit Court of Appeals, Second Circuit.
July 17, 1942.

was indicted in Kings County under Section 1053-a of the Penal Law of New York, which provides that "a person who operates or drives any vehicle of any kind in a reckless or culpably negligent manner, whereby a human being is killed, is guilty of criminal negligence in the operation of a vehicle resulting in death." He pleaded guilty to the violation on October 16, 1941, and was sentenced to thirty days imprisonment. Solomon Greenfield likewise sued Tuccillo to recover damages for negligence resulting in his son's death and on November 14, 1941, recovered a judgment against him as administrator of the estate of Jerome for $5,473.85 and individually for $750. The complaint alleged that Tuccillo operated his automobile "in such a careless and reckless manner" and proceeded "at such a fast rate of speed" that it collided with the automobile in which the decedent was a passenger, so as to cause the latter's death. Thereupon Tuccillo filed a petition in bankruptcy and obtained an ex parte order from the bankruptcy court restraining Greenfield individually and as administrator from taking steps to collect the judgments except in bankruptcy until the question of the bankrupt's discharge was determined. Greenfield moved to vacate the stay on the ground that the judgment claims were not dischargeable in bankruptcy under Section 17, subdivision 2, of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. 2, because the bankrupt was guilty of "wilful and malicious injuries to the person and property of Greenfield." The motion was granted by the District Judge and an order was entered vacating the stay after the judge filed an opinion stating that Tuccillo "with an utter disregard of human life, and with knowledge that the red light was against him, deliberately attempted to cross at high speed, and in so doing caused the death of Jerome Henry Greenfield." [42 F.Supp. 857, 858.] From this order the present appeal was taken. We think the order should be reversed and the original order granting a stay until the question of the bankrupt's discharge is determined should be left in force.

Charles V. Paganelli, of New York City (Ralph J. Barra, of New York City, of counsel), for bankrupt-appellant.

Philip Weiss, of New York City, for objecting creditor-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The bankrupt Tuccillo while driving his automobile on Avenue N in Brooklyn on November 27, 1940, struck the automobile of Solomon Greenfield as it was crossing Ocean Avenue at the intersection of Avenue N. Greenfield's car was thrown into the air, as a result of which his four year old son Jerome Henry Greenfield was thrown out and instantly killed. Tuccillo

The order vacating the stay was due to the finding of the District Judge that Tuccillo "with knowledge that the red light was against him, deliberately attempted to cross at high speed, and in so doing caused the death of Jerome Henry Greenfield." The judge said in his opinion that speed and negligence alone would not be sufficient

to render the claims non-dischargeable in bankruptcy, but relied on statements in affidavits supplemented by the criminal conviction to reach his conclusion that a discharge would not bar the claim. The bankrupt gave an explanation of his conduct which was apparently inconsistent with any intentional disregard of human life. This explanation, like Greenfield's proof for dissolving the stay against him, was contained in an affidavit, from which we quote the following:

"On the day in question I was going to church with my girl friend and missed the services at the church we intended to attend and were on our way to another church, proceeding by way of Ocean Avenue and when near Avenue N I observed for the first time that the traffic light on Avenue N was red and I immediately applied my brakes to bring the car to rest. Notwithstanding the strong application of the brakes I passed the intersection and struck the Greenfield car. The skid marks showed I tried to stop about 20 feet before the intersection and that I went beyond the intersection. I was talking to my girl friend while driving and did not see the light until I was near Avenue N.

"When my friend testified on the trial in the County Court that she had seen the red light from the block below, I was advised by my attorney and the Judge to plead guilty to a violation of Section 1053-a of the Penal Law of the State of New York."

Greenfield, in his affidavit to vacate the stay, said that the arresting officer testified at the criminal trial that the bankrupt told the latter that "he was some fifteen (15) feet away from Ocean Avenue and Avenue N when the light turned red against him; that he became excited and put his foot on the gas instead of the brake and so he overshot the light."

The question is whether the liability to Greenfield was for "wilful and malicious" injuries. Such injuries have been defined by the Supreme Court as arising from an act involving a "wilful disregard of what one knows to be his duty, an act which is against good morals, and wrongful in and of itself, and which necessarily causes injury and is done intentionally." Tinker v. Colwell, 193 U.S. 473, 487, 24 S.Ct. 505, 509, 48 L.Ed. 754. See McIntyre v. Kavanaugh, 242 U.S. 138,

37 S.Ct. 38, 61 L.Ed. 205; Brown v. Garey, 267 N.Y. 167, 169, 196 N.E. 12, 98 A.L.R. 1449. There was no showing on either side that Tuccillo deliberately drove on to cross Avenue N after he saw the light, nor did Greenfield allege anything beyond ordinary negligence in his civil action. It is true that the bankrupt was, on his own confession, convicted of violating Section 1053-a of the Penal Law by operating his automobile "in a reckless or culpably negligent manner." But this is not conclusive proof that he had incurred civil liability to the objecting creditor "for wilful and malicious injuries." The judgment of conviction did not operate as an estoppel. It was at best prima facie evidence of a "wilful and malicious" injury, and the plea or confession which was entered after Tuccillo's "girl friend" testified that she had seen the red light from a block before the crossing amounted to little more than a formal admission, dictated by expediency, that he had violated the statute. Schindler v. Royal Insurance Co., 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1142; Maybee v. Avery, 18 Johns. N.Y., 352; Mash v. Darley [1914], 1 K.B. 1; In re Crippen [1911], p. 108. A conviction obtained after a trial in which Tuccillo accepted a short sentence of 30 days rather than risk the result of a verdict in a death case is far from a conclusive reason for finding that he had intentionally run by the red light and thereby, as we may assume without deciding, inflicted "wilful and malicious injuries" which would bar a discharge.

The creditor had the burden of showing that his claims came within the exception in Section 17, subdivision 2, of the Bankruptcy Act, which would save it from the effect of a discharge. Yackel v. Nys, 258 App.Div. 318, 321, 16 N.Y.S.2d 545; Tompkins v. Williams, 137 App.Div. 521, 522, 122 N.Y.S. 152, affirmed 206 N.Y. 744, 100 N.E. 1134. The dischargeability of the claims is not to be settled by the form of the complaint but resort may be had to the entire record to determine whether they fall within the exception. In re Hammond, 2 Cir., 98 F.2d 703; Bank of Williamsville v. Amherst Motor Sales, 234 App.Div. 261, 263, 254 N.Y.S. 825; Matter of Barbery v. Cohen, 183 App. Div. 424, 427, 170 N.Y.S. 762. If the record does not disclose the nature of the claim it may be proved aliunde. Swig v.

Tremont Trust Co., 1 Cir., 8 F.2d 943, 945; Gleason v. Thaw, 3 Cir., 185 F. 345, 347, 34 L.R.A.,N.S., 894; Bannon v. Knauss, 57 Ohio App. 288, 13 N.E.2d 733.

Under the circumstances disclosed we cannot say whether the claims might not be barred by a discharge. The solution depends on whether the story of the bankrupt that the injuries resulted from inadvertence and negligence without intentional wrong is true, or whether the objecting creditor's story that it resulted from a deliberate disregard of known duty is the correct version. We think the issues of fact should be tried out in the State Court after the determination of the discharge and that until then the stay originally granted should stand. This is the most approved practice except in cases where special embarrassment arises from such procedure. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; In re Byrne, 2 Cir., 296 F. 98.

Order reversed with directions to allow the stay granted by the District Court on December 4, 1941, to stand.