Andrew, Sherwood & Viehe, of Hamburg, N. Y., for bankrupt.

Louis J. Voltz, of Buffalo, N. Y: (Lafay C. Wilkie, of Buffalo, N. Y., of counsel), for judgment-creditors.

## In re LA PORTE.

### No. 35138.

District Court, W. D. New York.

Nov. 22, 1943.

KNIGHT, District Judge.

This is a proceeding to restrain enforcement and execution of a judgment against the bankrupt. On June 28, 1939, a judgment was filed and entered against the bankrupt herein in Supreme Court, Erie County, New York, in favor of John and Charles Bieda. No appearance was entered on behalf of defendant. Testimony was taken and findings made.

The complaint recites, in substance, a conversion by the defendant of phonograph records owned by the plaintiffs. The only allegations bearing on defendant's intent were that he' "wrongfully and unlawfully converted" and "neglected and refused to

return" the records. Findings of fact followed the language of the complaint, conclusions of law recite that defendant "is found guilty of conversion."

An execution issued and a garnishee was served on defendant's employer, but on September 15, 1943, defendant was adjudicated a bankrupt, the judgment being listed in the schedules. An order was granted September 27, 1943, to restrain further enforcement and to show cause why enforcement should not be permanently restrained.

Biedas, the judgment creditors, contend that the judgment is not dischargeable on the ground that it is for a "wilful and malicious" injury to property within the meaning of Section 17, sub. a(2) of the Bankruptcy Act, Sec. 35 a(2), 11 U.S.C.A. citing Barbery v. Cohen, 183 App.Div. 424, 170 N.Y.S. 762, and Bank of Williamsville v. Amherst Motor Sales, 234 App.Div. 261, 254 N.Y.S. 825. The former holds that an express finding of a wilful and wrongful detention by defendant with full cognizance of plaintiff's right to possession is within Section 17, sub. a(2), of the Act, supra; the latter holds that an allegation of simple conversion does not restrict proof to a mere technical conversion but will admit proof of a wilful and malicious type and support a judgment thereof. Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754, holding that a judgment for criminal conversation is not discharged, is not in point.

■ The Biedas further contend that the record is conclusive as to the nature of the cause of action. With this last contention, the court is and has been in complete agreement. In re Danahy, D.C., July 7, 1942, 45 F.Supp. 758 where this court held that evidence outside the record is not competent proof of the transactions. Affidavits submitted herein by the bankrupt are, thus, to no avail.

■■ It is clear under the cases that a mere technical conversion is not within Section 17, sub. a(2), supra, and that a finding that a defendant was "guilty of legal conversion" combined with a finding that defendant was not "actuated by wilful, malicious or criminal intent" is not sufficient to bring the judgment within the exception. See: Davis v. Ætna Acceptance Co., 1934, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393. In re Danahy, supra, holds that the record must affirmatively show wilful and malicious injury, also see: In re Hammond, 2 Cir., 1938, 98 F.2d 703.

Examining the complaint and findings before the court, no express finding exists of wilful and intentional wrong-doing, and I hold that the same will not be predicated from the language of the complaint and findings herein, to wit: "wrongfully and unlawfully converted"; "neglected and refused to return" and "found guilty of conversion" without other facts from which an express finding of a wilful and malicious intent could be found. The complaint and findings set forth simple allegations of conversion and are as consonant with a technical conversion as some more aggravated type.

■ With this in mind, I hold that the judgment for conversion against the bankrupt is not for a "wilful and malicious" injury to property within the meaning of Section 17, sub. a(2), of the Bankruptcy Act and that the judgment was dischargeable in bankruptcy. Let an order be prepared accordingly.