**In the Matter of Forest K. BEDELL,
Bankrupt.**

**No. 68 B 714.**

United States District Court
S. D. New York.

Oct. 14, 1969.

Zabriskie & Volin, New York City, for bankrupt Forest K. Bedell.

Solomon M. Lowenbraun, New York City, for petitioning creditor Sanford Zeitler.

## MEMORANDUM

LASKER, District Judge.

This is a petition to review the decision and order of the Referee herein, dated May 8, 1969, denying petitioner's motion to vacate a stay and continuing the stay against the bankrupt.

The bankrupt filed a voluntary petition on August 8, 1968, and was adjudged a bankrupt that day. Thereafter an action was commenced in the Supreme Court of the State of New York, New York County, by Sanford Zeitler against the bankrupt and others, which alleged as against the bankrupt that Zeitler was induced to lend various sums aggregating $44,500 to Forest Film Productions, Inc., by false representations and material false statements in writing as to the financial condition of individual defendants who personally guaranteed the loans. The action was stayed by order dated November 25, 1968, modified by order dated December 13, 1968, to be effective only against the bankrupt.

Zeitler moved before the Referee to vacate the stay, contending that his claim, predicated upon obtaining money

by false representations, fell within Section 17a (2) of the Bankruptcy Act, which reads as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, * * *."

■ It is true that the complaint alleges a claim which, if proven, would be excepted from discharge. However, dischargeability is not to be determined merely by the allegations of the complaint. Greenfield v. Tuccillo, 129 F.2d 854 (2d Cir. 1942).

■ To determine the nature of Zeitler's claim, the Referee properly held a hearing at which the testimony of Zeitler and of the bankrupt was heard at length, the record consisting of 200 pages. Zeitler now moves to set aside the decision of the Referee, which denied the motion to lift the stay and enjoined Zeitler from continuing the pending action against the bankrupt until the question of his discharge had been determined. Zeitler claims that the decision of the Referee should be set aside because the Referee refused Zeitler the right to present additional testimony (specifically the testimony of co-defendant Russell).

Section 11a of the Act provides that a suit may be stayed which "is founded upon a claim from which a discharge would be a release." Since dischargeability of the debt, as covered by Section 17 of the Act, is made the basis of jurisdiction, "there should be no stay granted unless the debt or claim involved will be discharged under the provisions of the Act, even though the claimant is listed as a creditor in the bankrupt's schedule." 1 Collier on Bankruptcy, 14th

Ed., ¶ 11.04, p. 1145. However, "[i]f the dischargeability is debatable, a stay may be granted until the bankrupt shall have had a reasonable time within which to procure his discharge; * * *." Id. at 1148.

■ The court has reviewed the transcripts of the hearings before the Referee in their entirety, and agrees with the findings and conclusions set forth in the Referee's decision of March 24, 1969, that the dischargeability of the bankrupt's debt to Zeitler is at least debatable. Nor does the court find any error in the refusal of the Referee to allow Zeitler's counsel to present further testimony in support of his claim that the debt was non-dischargeable. Since this is the precise basis for Zeitler's present motion to review the Referee's decision, the motion must fail.

The proffered testimony of co-defendant Russell would cast no light on, and certainly not eliminate the debatability of, the question of whether the debt is dischargeable. Even if, for the purposes of this motion, it were assumed that the testimony of Russell would have been wholly favorable to the position of the creditor, such testimony would be merely cumulative and could not dispose of the existence of a debatable issue as to whether the loans were induced by fraud and therefore not dischargeable.

■ Even if these observations were not correct, it is to be noted that General Order 47 (General Orders in Bankruptcy) states:

"Unless otherwise directed in the order of reference, the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, *and the judge shall accept his findings of fact unless clearly erroneous.*" (Emphasis added.)

Here there can be no doubt that the findings of the Referee are not clearly erroneous.

For the reasons set forth above the motion to review the decision of the Referee is denied.

It is so ordered.