236 So.2d 718

**Timothy BICE**

v.

**W. R. JONES et al.**

**6 Div. 15.**

Court of Civil Appeals of Alabama.

Jan. 5, 1970.

Rehearing Denied Jan. 20, 1970.

William M. Acker, Jr., Lynn G. Baldwin, Birmingham, for appellant.

Prentiss M. Rainey, Richard L. Taylor, Birmingham, for appellees.

**710**

WRIGHT, Judge.

This appeal is from a judgment of the Circuit Court for the Tenth Judicial Circuit, Jefferson County, Alabama.

The proceedings prior to the appeal were as follows: Plaintiff-Appellant Bice filed suit to recover for personal and property damages resulting from an automobile accident with defendant-appellee, W. R. Jones. The suit contained two counts, count one alleging simple negligence, and count two alleging willful and wanton conduct and injury. Count two was in the following form:

"Count Two—Plaintiff claims of the defendant the sum of Ten Thousand ($10,-000.00 Dollars,) as damages for that on, to-wit, August 28, 1967, on First Avenue, North, between 73rd Streets, Birmingham, Alabama, plaintiff was driving his motor vehicle when defendant, W. R. Jones, wilfully and wantonly injured plaintiff by wilfully and wantonly operating another motor vehicle then and there as to cause said motor vehicle he was operating to collide with the automobile which plaintiff was driving, and plaintiff avers that as a proximate consequence of said wilfulness and wantonness plaintiff was injured and damaged as follows: His two-day-old 1967 Volkswagon was demolished; * * * For these damages plaintiff claims Ten Thousand Dollars ($10,000.00) as aforesaid. Plaintiff claims punitive damages. Hence this suit."

The complaint was filed October 9, 1967, served on defendant October 20, 1967. A default was entered November 21, 1967, with leave to prove damages. On December 27, 1967, plaintiff withdrew his jury demand and executed a writ of inquiry before the judge, who entered a general judgment on the complaint and assessed damages in the amount of $1500, together with costs.

On April 30, 1968, writ of garnishment on judgment was issued to Southern Railway System, and was served May 14, 1968. Garnishee filed answer on June 12, 1968, and notice of answer was served on defendant June 20, 1968. Additional garnishment was filed and served on The First National Bank of Birmingham, Roebuck Branch, with notice to defendant served July 5, 1968.

It appears from the record that defendant, W. R. Jones, filed a petition for voluntary bankruptcy in the Federal District Court in Birmingham and was duly adjudicated a bankrupt on September 18, 1968. In conjunction with the petition in bankruptcy, defendant asked dismissal of the garnishments against him. The referee in bankruptcy refused to order dismissal on the ground that the judgment on which the garnishment was issued might be non-dischargeable under authority of Pridgen v. Head, 282 Ala. 193, 210 So.2d 426, and that the question should be decided in state court.

Subsequent to order of referee in bankruptcy, defendant-appellee filed a pleading in the case entitled "Defendant's Motion to set Aside, Dismiss and Quash Writ of Garnishment on Judgment," on September 27, 1968, and the matter was set for hearing on October 2, 1968.

For the purpose of this appeal this motion will hereafter be referred to as the Motion to Quash Garnishment.

The motion to quash contained 5 paragraphs ending in a prayer that the court would declare the judgment upon which the garnishment was issued subject to discharge in bankruptcy and dismiss the garnishment.

Paragraphs 1 and 2 of the motion to quash set up the facts of the filing of suit, and that it contained 2 counts, one on simple negligence and another on willful and wanton injury; that a default was entered, with writ of inquiry and a judgment rendered generally on the complaint as a whole.

Paragraphs 3 and 4 stated the events in bankruptcy and attached and incorporated a copy of the referee's order referring the question of dischargeability to state court.

Paragraph 5 contained recital as to the events of the accident out of which the suit originally arose and insisted that such events would not support the charge of willful and wanton conduct and injury and thus the judgment was subject to discharge in bankruptcy.

Plaintiff demurred to the motion to quash on 10 grounds. Grounds 7, 8, and 9 are set out here:

"7. For that the entire record in this cause affirmatively shows that the issue of defendant's wanton and willful injury of plaintiff has been finally adjudicated in plaintiff's favor and cannot be attacked except by direct appeal properly perfected.

"8. For aught appearing there was testimony introduced at trial which fully supported the allegation that defendant willfully and wantonly injured plaintiff.

"9. For that it affirmatively appears that the nil dicit judgment is a binding adjudication of the truth of the allegation that defendant willfully and wantonly injured plaintiff."

Plaintiff further filed a motion to strike defendant's motion to quash. The motion to strike generally covered the same grounds as the demurrer, but had attached certain memorandum notes made by the trial judge at the time of the testimony taken on the writ of inquiry.

The trial court overruled the demurrer and denied the motion to strike, and the record discloses the following minute entry:

"MINUTE ENTRY—On this the 10th day of January, 1969, came the parties by their attorneys, and plaintiff demurs to the defendant's motion, assigning grounds One to Ten inclusive, and said demurrer is by the court heard and considered, whereupon,

"It is ordered and adjudged by the court that said demurrer be and the same is hereby overruled; plaintiff files motion to strike defendant's motion to set aside, dismiss and quash writ of garnishment, and the same having been fully considered and understood by the court,

"It is ordered and adjudged by the court that this motion be and the same is hereby overruled; the Court, having fully considered the pleadings in this cause and further reviewing and considering the case of Pridgen v. Head, 282 Ala. 193, 210 So.2d 426 is of the opinion that the complaint and factual issues in the case under consideration are not within the meaning of 'willful and malicious' injury used in the exception in the Bankruptcy Act, whereupon,

"It is considered and adjudged by the court as follows, to-wit: '1. The complaint and factual issues presented are not within the meaning of "willful and malicious" injury used in the exception in the Bankruptcy Act. 2. The judgment in this cause is dischargeable in bankruptcy. 3. The defendant's motion to quash the garnishment in this cause is granted. 4. The garnishments heretofore issued to the Southern Railway System and the First National Bank of Birmingham are hereby quashed and the garnishees ordered discharged. 5. The Clerk of this Court is directed to pay over to Defendant, W. R.

Jones, or his attorney-of-record, Prentiss M. Rainey, all monies paid into Court, after deducting the cost of Court.' "

There was no testimony transcribed at the execution of the writ of inquiry to indicate the factual basis of the judgment. The notes of the trial judge cannot be considered as a part of the record and therefore have no value as evidence for our consideration. However, the presence of such notes does indicate that there was testimony taken by the judge below prior to his entry of judgment.

Appellant has made five assignments of error. The first is that the court erred in overruling plaintiff's demurrer to defendant's motion to quash the garnishment. The second error charged is that of overruling the motion to strike defendant's motion to quash. The third is substantially as the second. The fourth and fifth is that error was committed in quashing the garnishment. The argument in brief as to assignment one is adopted as to three, four and five. The matter for decision here is properly raised under any of the assignments, and we decline to deal with the technicalities of the pleadings, but will approach the matter on the issue of whether the motion to quash the garnishment should have been granted.

It is to be noted that both appellant and appellee cite the case of Pridgen v. Head, 282 Ala. 193, 210 So.2d 426, as authority for their respective positions. We have set out above the minute entry of the trial court and it indicates that the trial judge considered Pridgen v. Head, as authority for his decree. The decree specifically states this to be true.

Thus it is clear that there is confusion as to the meaning of Pridgen v. Head. Since the question here is almost identical with that of *Pridgen,* and involves matters of first impression, we shall presume to determine the meaning of that decision and apply it to the case at bar.

This Court is bound by prior decisions of the Supreme Court of Alabama, and of

course, this includes Pridgen v. Head. Let it clearly be understood that what follows in this opinion is our interpretation of that case, and its application to other principles of law related thereto, and in no manner is meant to be contrary thereto.

As we see them, the questions involved in the consideration of this appeal are the following (a) What is the effect of a general judgment under a complaint alleging simple negligence in one count and willful and wanton conduct in a second? (b) Is such judgment, though by default with writ of inquiry, final after expiration of statutory provisions for review? (c) Is a willful and wanton judgment, as defined by Alabama courts, non-dischargeable in bankruptcy under the exception of dischargeability in Section 17, Subdivision a (2), of the Bankruptcy Act? (d) What shall be looked to in a particular case to determine if a claim or judgment falls within the exception to dischargeability? (the form of complaint, the record proper, or evidence aliunde, the recollection of the evidence presented on writ of inquiry by the judge entering the judgment.)

■ It is our opinion from a study of Pridgen v. Head, supra, that question (a) above is clearly answered there. The court adopted the so-called Illinois rule by stating:

"No Alabama case has been found or cited to this court that squarely decides the effect of a general judgment where there is more than one count. Other courts have considered the problem. In Reell [for Use of Haskin] v. Central Illinois Electric and Gas Company, 317 Ill.App. 106, 45 N.E.2d 500, quoting from Green (Greene) v. Noonan, 372 Ill. 286, 23 N.E.2d 720, the Illinois court says, 'Where the declaration consists of several counts, one or more of which state a cause of action the gist of which is malice, with others based upon negligence only, and the verdict is general, without specifying the count on which it is based, the presumption is that the verdict is based upon a cause of action of which

malice is the gist. Buck v. Alex, 350 Ill. 167, 182 N.E. 794; Jernberg v. Mix,· 199 Ill. 254, 65 N.E. 242.' Without saying, at this point, that malice is the gist in the wanton count, *no reason can be seen why this rule should not apply and the judgment addressed to the wanton count.*"

(Italics ours.)

We agree with the learned Justice as to this conclusion.

From a practical aspect, plaintiff in the suit in Pridgen v. Head, and in the instant case, could have withdrawn count 1 and taken a default solely on count 2, the willful and wanton count, and thus there would have been no problem presented on appeal as to the effect of a general judgment. Such procedure would appear to be the better practice, assuming there was evidence presented on inquiry to support such count with the possible accompanying punitive damages. No nisi prius judge would properly consider punitive damages on writ of inquiry without evidentiary support for a willful and wanton injury.

We believe this position is supported by the well settled law in Alabama, that a general verdict on trial of matter involving more than one count will not be set aside, even though some of the counts are bad, if there are good counts to which it may be referred. Trammell v. Robinson, 34 Ala. App. 91, 37 So.2d 142; Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; Southern Ry. Co. v. Lawler, 11 Ala.App. 241, 65 So. 857, certiorari denied, ex parte Southern Ry. Co., 191 Ala. 663, 66 So. 1009.

■ We now address Question (b)—Is a default judgment with writ of inquiry final, after expiration of statutory provisions for review?

There seems to be little doubt that the law of this state answers this question in the affirmative. In the case of Fancher v. Fancher, 262 Ala. 489, 80 So.2d 248, the court stated:

· "A party who ignores a summons and, without good excuse, neglects to make his defense at the proper time has no standing in any court when he seeks to avoid the resulting judgment or decree. * * *" Boothe v. Shaw, 214 Ala. 552, 108 So. 563, 564.

In the case of Gibson v. Elba Exchange Bank, 266 Ala. 426, 96 So.2d 756, the court said:

"* * * When a defendant has been properly served with process and defaults, the default constitutes 'an admission of traversable allegations that are well and properly pleaded and are material to the issues or only such allegations as are necessary to obtain the particular relief sought.' 49 C.J.S. Judgments § 201 b, p. 358. See also Ex parte Allen, 166 Ala. 111, 52 So. 44. It follows, therefore, that since the default by the defendant-appellant constituted an admission of the facts well pleaded, there could be no finding in favor of the appellant for something he had already confessed. There could, therefore, be no subsequent finding in favor of the defendant on any count of the complaint which was well pleaded. What was left for the trial court to determine then was the amount of recovery in property and money the plaintiff was due. * * *"

"The rule of our cases is that a domestic judgment, regular on its face, is conclusive on collateral attack." ABC Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511.

"A judgment by default has the same force and effect as a judgment rendered after a trial on the merits, except in so far as it is governed by statutory provisions, and it is not to be discredited because of the manner in which it is taken. It determines plaintiff's right to recover, and defendant's liability, although the amount of recovery remains in some cases to be ascertained." 49 C.J.S. Judgments § 200.

There is presumably no question by appellant that had this matter evolved from a judgment after a jury verdict, such judg-

ment would be final, and determinative of all issues raised by the pleadings and submitted to the jury. Under the authorities above we can see no distinction in the finality of a judgment after verdict and that entered by a trial judge after writ of inquiry when statutory provisions for setting aside on review have expired.

Proposition of law I in appellee's brief is that "a default judgment on a complaint containing a count alleging wanton conduct admits only liability to the plaintiff, but does not admit the nature of the liability. * * *"

A close scrutiny of this proposition will disclose its fallibility. Had the proposition left out the words "on a complaint containing a count alleging wanton conduct," it would be a correct generality, conceded these could be complaints which disclose liability but not the nature of that liability, such as common counts. However, a complaint on willful and wanton conduct declares within itself the nature of liability. The Supreme Court in Ewart v. Cunningham, 219 Ala. 399, 122 So. 359, stated the following: "The judgment by default was conclusive of the fact of a warranty and of its breach in some measure as alleged; and also conclusive of plaintiff's right to sue thereon, and to recover at least nominal damages."

Appellant cites the case of Greenfield v. Tuccillo, 129 F.2d 854 (2 Cir. 1942) as authority for his proposition I. We have read that case carefully and do not consider it contrary to our opinion insofar as it is applicable to this proposition. It was stated by the court in that case that plaintiff did not allege anything beyond ordinary negligence in his civil action. Thus there was no complaint there alleging willful and wanton conduct by defendant. There are other aspects of the *Greenfield* case that will be considered later in this opinion.

■■·Question (c) posed by this appeal is—Is a judgment on a willful and ·wanton·. count, as willful and wanton is defined .by.

Alabama courts, non-dischargeable in· bankruptcy under the exception of dischargeability in Section 17, Subdivision ·a (2) of the BankruptcyAct?

Title II. Section 35 U.S.C.A. in pertinent parts reads:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, *or for willful and malicious injuries to the person or property of another* * * *." ((Italics ours.)

We have earlier in this opinion set out the pertinent parts of count 2 of the complaint below. It properly alleges ·willful and wanton conduct and injury under our rules of pleading and will support· a judgment. The case of Pridgen v. Head, ·supra, without question, decides that such a count alleges a direct trespass· and thus a· wanton injury.

There is no point whatever in this Court restating the opinion and erudite discussion of the meaning of wantonness set out by the learned trial judge and adopted by the distinguished Justice in Pridgen v. Head, supra. We only refer the reader to headnote 6 of that opinion. It is sufficient for us to say that it was there determined that "It appears that 'wantonness' or 'wanton· injury' as the Alabama court has defined the terms comes squarely within the terms 'willful and malicious' injury as used in the Bankruptcy Act. It is obviously not necessary that the injury be intentionally inflicted."

We find that Pridgen v. Head, supra, is dispositive of question (c).

The last question posed.by ·this appeal is hereinabove listed as question (d) and is— What shall be looked to in a particular case to determine if a claim or judgment falls within the exception to dischargeability? (1) The form of complaint?· (2) The record proper? (3) The recollection of the trial judge of the ·evidence·present--

ed on writ of inquiry, or (4) Evidence aliunde?

In Pridgen v. Head, supra, the court below had all of these matters before it. There was a complaint for wanton injury, there was the record proper, which did not contain transcribed testimony. There was, admittedly, the recollection of the testimony on writ of inquiry by the trial judge. There was evidence aliunde taken on the motion to quash garnishment. Except for the evidence aliunde, the court below in the instant appeal had the same elements.

We interpret the opinion of the Supreme Court in Pridgen v. Head to withdraw from consideration element (3), that is, the recollection by the trial judge of the evidence presented on writ of inquiry. Such recollection is obviously not part of the record. It could be indefinite, uncertain, and if with memory like the author here, totally unreliable.

It is our opinion, in the instant case, that the notes or memoranda of the court below, fall within the same category and are not part of the record and could not be considered in determining dischargeability.

Now begins the uncertainty of the meaning of Pridgen v. Head, supra. There is set out in the decree of the trial court, adopted by the Supreme Court, a lengthy colloquy relative to what may be considered in determining dischargeability. It admits varied views, one of which was that only the record could be considered. There were indicated contrary views, in that some courts have held that the character of the act is the test, and to determine such character, not only the entire record, but evidence behind the judgment could be considered. Here was cited Greenfield v. Tuccillo, supra.

The colloquy continued by the following: "The Supreme Court of Alabama has not considered this question and the Court of Appeals has considered it but once."

There was then cited the case of Raia v. Goldberg, 33 Ala.App. 435, 34 So.2d 620.

Let us here consider Raia v. Goldberg, supra. There was a suit upon promissory notes executed by one thereafter adjudicated a bankrupt. Defendant was discharged in bankruptcy prior to suit on the notes. The case was tried before the court without a jury. The trial judge included in the record an opinion, which as in Pridgen v. Head, supra, was adopted and incorporated in the opinion of the court of appeals.

It was specifically set out therein that the evidence before the trial court disclosed that the notes were executed by the defendant to cover repayment of embezzled or misappropriated funds. This was evidence before judgment and was a part of the record proper. The ensuing liability after judgment, clearly came within the first subdivision of the Bankruptcy Act as to non-dischargeability of "liability created by fraud, embezzlement, misappropriation * * * while acting in a fiduciary capacity." The opinion stated "It would seem from an examination of the authorities that the principle is now well established that in an action upon promissory notes executed by one thereafter adjudicated a bankrupt the court will look behind the *notes* to determine whether the nature of the debt was such that it was dischargeable." (Italics ours).

It will be quickly noted that this quotation does not mention *judgment* but *note*, and this at the time of trial on the notes and under a plea of prior discharge in bankruptcy. Of course, the trial court could look behind the notes which were being sued upon. In fact, in view of a plea of discharge, it had no alternative. On appeal, all of this was in the record proper. Thus, Raia v. Goldberg is no precedent for appellant's proposition II, nor for the interpretation given it in the opinion of the trial judge in Pridgen v. Head.

We return now to the beginning of our reference to the colloquy of the trial judge

in *Pridgen*. It was stated "The Supreme Court of Alabama has not considered this question * * *."

The question referred to is whether or not a judgment may be gone behind to determine dischargeability. We agree there has been no decision in relation to dischargeability in bankruptcy. However, the real question at hand, that of going behind the record and judgment as to dischargeability of a debt has been decided by the Supreme Court of Alabama.

In the case of Jesse French Piano & Organ Co. v. Bradley, 143 Ala. 530, 39 So. 47 (1904), on petition for supersedeas, the court stated "as a proposition of law, the doctrine seems to be well settled by former adjudications of this court that matter existing anterior to the judgment cannot be made a ground for supersedeas of an execution issued on such judgment." Marshall v. Caudler, 21 Ala. 490; State v. Beasley, 45 Ala. 81; Thompson v. Lassiter, 86 Ala. 536, 6 So. 33. "From the above authorities it will be seen that the primary and principal object of the remedy by the writ of supersedeas is to prevent the abuse of the process of·the court, and, while it is said to be in the nature of a bill in equity as to matter of discharge insisted on in the petition, which does not appear of record, such matter of discharge insisted on in the petition must be matter arising subsequent to, and not anterior to, the judgment."

The more recent case of Gibson v. Elba Exchange Bank, supra, from which we have already quoted on another question, endorses and quotes from Jesse French Piano & Organ Co. v. Bradley, on the same proposition, and further quotes from Thompson v. Lassiter, 86 Ala. 536, 6 So. 33, as follows:

"* * * In our practice the proceeding by supersedeas is substituted for the writ, and generally will lie in the cases in which a writ of audita querela would lie at common law. Matter which operates an equitable satisfaction of a judgment may be inquired into by this proceeding, and an execution issued to enforce the judgment may be superseded and vacated; *but matters which go behind the judgment cannot be inquired into. * * *"* (Italics ours.)

If matters behind a judgment and not of record, cannot be inquired into in the action of supersedeas, an action for equitable satisfaction or discharge, how can it be said that a judgment can be gone behind, with evidence aliunde, to determine dischargeability in bankruptcy? We can see no distinction and do not interpret the adoption of the trial court's opinion by the learned Justice in Pridgen v. Head, as so holding, since the above authorities were not considered there. We do not interpret the following quotation from Pridgen v. Head, supra, as declarative of law, but merely an observation, based on a supposition unfounded. "If a judgment on a note can be gone behind, there appears to be little reason why a judgment on tort could not be gone behind to explain the nature of the act where it is alleged to have brought on wanton injury."

That declarative law was not intended by the above statement is positively indicated by the following quotation from the next to last paragraph of the decree— "* * * It is the opinion of this court that wanton injury, as alleged in the complaint at bar, even if the judgment and complaint only can be examined, brings the judgment within the meaning of 'willful and malicious' injury used in the exception in the Bankruptcy Act. If the record can be gone behind, certainly the facts which are the basis of the allegation of wanton injury brings it within the exception and it is not discharged."

We now proceed to element 4 of question (d), that of the admission of evidence aliunde in considering dischargeability of liability in bankruptcy. We feel this has already been answered above in the negative, but for academic purposes, we will discuss it directly.

Appellee, as his proposition of law II states the following: "In ascertaining

whether or not a debt or judgment is dischargeable in bankruptcy, resort is to be had to the entire proceedings giving rise to the judgment, and to extrinsic evidence if the nature of the liability cannot be determined from the record proper."

Appellee cites Raia v. Goldberg, supra, and Pridgen v. Head, supra; Greenfield v. Tuccillo, supra, as authorities supporting this proposition.

We believe we have conclusively shown in this opinion that Raia v. Goldberg is not authority. We further submit that Pridgen v. Head does not declare such to be the law of this state, even though at first reading it might appear to.

The trial judge in *Pridgen,* supra, admittedly allowed such testimony, and the Supreme Court did not condemn such action. We believe condemnation was unnecessary because the trial court determined that the judgment and record was the real basis for its decision as to non-dischargeability, and we believe this was the basis of the adoption by the Supreme Court.

The case of Greenfield v. Tuccillo does support appellee's proposition in the following words:

" * * * The dischargeability of the claims is not to be settled *by the form of the complaint but resort may be had to the entire record to determine whether they fall within the exception.* (Italics ours.) In re Hammond, 2 Cir., 98 F.2d 703; Bank of Williamsville v. Amherst Motor Sales, 234 App.Div. 261, 263, 254 N.Y.S. 825; Matter of Barbery v. Cohen, 183 App.Div. 424, 427, 170 N.Y.S. 762. If the record does not disclose the nature of the claim it may be proved aliunde. * * *"

Greenfield v. Tuccillo was a case where the form of the complaint was uncertain as to the legal effect of its allegation. Had the complaint clearly stated a non-dischargeable liability, we believe the court would have gone no further. The record below contained conflicting affidavits, and were determined by the reviewing court to be indecisive of the question of dischargeability. The court then stated,

"if the record does not disclose the nature of the claim it may be proved aliunde."

With this state of affairs, the matter was then referred to state court for determination of dischargeability.

There may be instances, if the complaint is insufficient, if the record, as a whole, is insufficient to determine dischargeability, when evidence aliunde would be the better practice, but such is not the law, as we find it, in Alabama, nor in many other jurisdictions.

The case of Re Greene, 87 F.2d 951, 109 A.L.R. 1188, decided by the United States Circuit Court of Appeals, Seventh Circuit, was in many respects similar to the case at bar. There were three counts in the complaint, two were on simple negligence and a third alleging willful and wanton conduct. There was a general jury verdict on all counts, with a special interrogatory to the jury as follows: "Was the defendant * * * guilty of willful and wanton conduct as charged in the third count of plaintiff's declaration?" To this interrogatory the jury answered: "Yes." Bankruptcy was filed and it was contended the judgment was dischargeable. The Circuit Court of Appeals stated the following: "The third count of the declaration charges that the acts on the part of appellant were done by him *willfully* and *wantonly,* and the jury so found. The verdict of the jury and the judgment of the superior court rendered thereon (including the interrogatory and the answer thereto) are to the effect that the acts of appellant which caused the injury were done by him *willfully* and *wantonly.* Therefore, this court must accept that verdict and judgment as true for the purpose of determining the question here presented. * * *"

There was then a discussion of the legal meaning of the term willful and wanton. It was determined that willful and wanton

meant willful and malicious as stated in the Bankruptcy Act. This is the same conclusion as reached in Pridgen v. Head, supra. The statement in the *Re Greene* decision which stands out clearly is "Therefore this court must accept that verdict and judgment as true for the purpose of determining the question here presented." We believe such is the law in this state and is determinative of this case.

We now apply the law to the decree of the court below. The trial judge entered a judgment on a willful and wanton count after testimony on writ of inquiry. The record does not disclose that testimony, but it does disclose notes were taken by the judge. We have heretofore stated that those notes are not part of the record and they are not here considered as such, but their presence is a fact indicating that evidence was introduced upon which the court then entered judgment.

More than four months expired and the judgment was not attacked. Garnishment was issued, bankruptcy filed and motion to quash garnishment presented.

Upon hearing of the motion to quash, the court below granted the motion, entering as a part of its decree the following: "* * * The court, having fully considered the pleadings in this cause and further reviewing and considering the case of Pridgen v. Head, [282 Ala. 193] 210 So.2d 426, is of the opinion that the complaint and factual issues in the case under consideration are not within the meaning of 'willful and malicious' injury used in the exception in the Bankruptcy Act, whereupon

"It is considered and adjudged by the court as follows, to-wit: '1. The complaint and factual issues presented are not within the meaning of "willful and malicious" injury * * *.'" the source of such finding is conjectural. In the absence of facts in the record or the taking of evidence aliunde, it appears that it can only mean that the court used its recollection of the evidence on writ of inquiry. Such action was clearly disavowed as proper procedure by the Supreme Court in Pridgen v. Head, supra.

It would thus appear that the trial court has now changed its mind as to the effect of evidence heard on writ of inquiry and is setting aside its own judgment after it has lost all power to do so. It must be presumed that the court was satisfied as to the propriety of a judgment on a willful and wanton count at the time of its entering of final judgment. In the absence of anything in the record to the contrary, it cannot now change its mind.

It is our opinion that the demurrer to the motion to quash should have been sustained.

For the purpose of this opinion, however, we go beyond that error and hold that the trial court erred to reversal in granting defendant's motion to set aside, dismiss, and quash the writ of garnishment on judgment.

Reversed and remanded.